**Walter C. LOHMAN, Jr., Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**

**No. 12857.**

United States Court of Appeals
Sixth Circuit.

Oct. 25, 1956.

See also D.C., 127 F.Supp. 432.

David Scribner, New York City (J. Paul Prear, Dayton, Ohio, on the brief), for appellant.

James E. Rambo, Dayton, Ohio (Hugh K. Martin, Dayton, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Following trial and verdict of guilty, appellant was sentenced on September 16, 1955 to five years imprisonment and a $5,000.00 fine for filing a false non-communist affidavit with the National Labor Relations Board, in violation of Sec. 1001, Title 18, U. S. Code. On September 20, 1955, he filed a motion for judgment of acquittal and in the alternate for a new trial.

On October 18, 1955, following an oral hearing, the District Judge orally overruled the motion, and on the same day the U. S. Attorney mailed to appellant's

counsel a proposed order to that effect. On October 20, 1955, appellant's attorney mailed the proposed order endorsed by him to the U. S. Attorney without covering letter. The order was signed by the District Judge and filed on October 21, 1955. The clerk did not mail to appellant or his counsel a notice of the entry of the order. Rule 49(c), Rules of Criminal Procedure, 18 U.S.C.A., provides: "Immediately upon the entry of an order made on a written motion subsequent to arraignment the clerk shall mail to each party affected thereby a notice thereof and shall make a note in the docket of the mailing."

On November 1, 1955, appellant filed notice of appeal from the judgment. On December 13, 1955, this Court sustained appellee's motion to dismiss the appeal for failure to take the appeal within the ten days provided by Rule 37(2), Rules of Criminal Procedure.

On December 30, 1955, appellant filed in the case in the District Court a motion to vacate the order of October 21st. His contention was that he was entitled to the entry of a new order with notice of its entry, which would enable him to take an appeal within the ten days provided, in order to correct the situation resulting from the failure of the clerk to mail him notice of the entry of the order of October 21, by reason of which he lost his right of appeal. On March 8, 1956, an order was entered in the District Court overruling the motion, from which this appeal was taken.

In overruling the motion the District Judge referred to the local custom under which it was not the practice of the clerk to give such notice where orders were' signed by counsel on both sides, that appellant's counsel knew the practice, and had appeared in open court at a regular session of the criminal docket on October 28, 1955. The District Judge expressed the ʻopinion that appellant's counsel did not rely on such a notice of the clerk. He stated in his opinion: "From all these facts, the conclusion is inescapable that counsel for the defendant either knew the time of filing the order or by the slightest inquiry could have ascertained it." Appellant's counsel has filed an affidavit in this Court which states that he awaited either notice from the clerk as to the date of the entry of the order or notice or advice from the United States Attorney's office until November 1st, but that no notice was mailed by the clerk and no notice or advice given by the United States Attorney.

In support of the ruling appellee relies upon Huff v. United States, 5 Cir., 192 F.2d 911, and Gonzalez v. United States, 1 Cir., 233 F.2d 825. In both of those cases the clerk failed to mail notice of the entry of the order, but the Court held that the time for appeal nevertheless ran from the date of the entry of the order. However, in those cases appellant was present in the court room when the order was entered and the rulings are based upon ʻactual notice rather than implied or constructive notice. In the present case the record does not show actual notice before the expiration of the ten day period. In our opinion, the rulings are not applicable.

■■ The general rule appears to be that where there has been a failure or delay in giving notice on the part of the clerk the time for taking an appeal runs from the date of later actual notice or receipt of the clerk's notice rather than from the date of the entry of the order. Oddo v. United States, 2 Cir., 171 F.2d 854, certiorari denied 337 U.S. 943, 69 S.Ct. 1498, 93 L.Ed. 1747; United States v. Dunbar, 2 Cir., 212 F.2d 654; Wallace v. United States, 8 Cir., 174 F.2d 112, certiorari denied 337 U.S. 947, 69 S. Ct. 1505, 93 L.Ed. 1749; West v. United States, 94 U.S.App.D.C. 46, 222 F.2d 774. See Remine v. United States, 6 Cir., 161 F.2d 1020, certiorari denied 331 U.S. 862, 67 S.Ct. 1759, 91 L.Ed. 1868. As said by the Supreme Court in Hill v. Hawes, 320 U.S. 520, 523, 64 S.Ct. 334, 336, 88 L.Ed. 283, in discussing a similar rule under the Federal Rules of Civil Procedure, 28 U.S.C.A.,—"It is true that Rule 77(d) does not purport to attach any consequence to the failure of the clerk to give the prescribed notice; but

we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given. It may well be that the effect to be given to the rule is that, although the judgment is final for other purposes, it does not become final for the purpose of starting the running of the period for appeal until notice is sent in accordance with the rule." We are of the opinion that implied or constructive notice of the filing of an order is not sufficient to start the running of the period for appeal.

In his prior appeal to this Court appellant did not bring to the Court's attention the failure of the clerk to give the required notice and accordingly the appeal was dismissed, although under the rule above referred to he was entitled to the review which he sought. The present proceeding attempts to correct that mistake. It is not a motion for a new trial, or arrest of judgment, or for reduction of sentence, which must be made within definite periods of time under Rules 33, 34 and 35, Rules of Criminal Procedure. Rule 45(c), Rules of Criminal Procedure provides: "The expiration of a term of court in no way affects the power of a court to do any act in a criminal proceeding." See also Sec. 452, Title 28, U. S. Code.

Rule 36, Rules of Criminal Procedure provides that clerical mistakes arising from oversight or omission may be corrected by the court at any time after notice. In our opinion, the failure of the clerk to give the required notice falls within the rule. If the appellant did not have actual notice of the entry of the order and relied upon notice by the clerk the order of October 21, 1955 should be vacated and reentered with notice of its entry being given in accordance with the provisions of Rule 49(c), Rules of Criminal Procedure. Carter v. United States, 10 Cir., 168 F.2d 310; Superior Fire Ins. Co. v. Martin, 7 Cir., 80 F.2d 275, certiorari denied, Camden Fire Ins. Ass'n v. Martin, 298 U.S. 672, 56 S.Ct. 938, 80 L.Ed. 1394. See: Hill v. Hawes, supra,

320 U.S. 520, 523–524, 64 S.Ct. 334, 88 L.Ed. 283.

We construe the ruling of the District Court as not including a specific finding on the questions of actual notice of the entry of the order or reliance by appellant upon notice from the clerk. These factual issues should be determined, with opportunity to the parties to introduce evidence thereon, for the purpose of making a ruling on appellant's motion.

The order is set aside and the case remanded for further proceedings in accordance with the views expressed herein.