William CHARLEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6807.

United States Court of Appeals
Tenth Circuit.

April 24, 1962.

Frederick B. Heath, III, Boulder, Colo. (of Holland & Hart, Denver, Colo.), for appellant.

Jack Love, Albuquerque, N. M. (John Quinn and J. Eugene Gallegos, Albuquerque, N. M., on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying appellant's motion to vacate sentence pursuant to 28 U.S.C.A. § 2255. Appellant, a Navajo Indian, was convicted of having raped an Indian girl within Indian country, in violation of 18 U.S.C.A. § 1153. In his collateral attack on the judgment and sentence, appellant alleged that the indictment was legally insufficient; that he was denied the effective assistance of counsel because he was not allowed to hire bilingual counsel of his own choice; that petitioner's "conviction was obtained by fraud on the part of the trial court, the U. S. District Attorney and the Court appointed attorney"; that the court appointed inter-

preter "deliberately failed to repeat all of Petitioner's testimony and answers to the Court and Jury" and that the translation was inaccurate.

 The indictment charged "(T)hat on or about the 12th day of February 1954, near Rehobeth in the State and District of New Mexico, on Indian allotted land, said land being within the exclusive jurisdiction of the United States, William Charley, Indian defendant herein, did rape Katherine James, an Indian, in violation of Section 1153, Title 18 U.S.C." The essential elements of (1) rape, (2) by an Indian, (3) against the person of another Indian, and (4) within the Indian country, are all present. And, where, as here, the trial court has jurisdiction of the offense and the accused, and the indictment apparently attempts to charge that offense, the sufficiency of the indictment is not subject to collateral attack by motion under § 2255. See Barnes v. Hunter (10 C.A.), 188 F.2d 86; Kreuter v. United States, (10 C.A.), 201 F.2d 33; Smith v. United States (10 C.A.), 205 F.2d 768.

Prior to arraignment, appellant appeared in open court and stated that he could and would employ his own attorney, and the record shows that the counsel chosen by appellant represented him throughout the trial. Appellant's allegations relative to a denial of counsel of his own choice are thus demonstrated to be without merit.

The remaining allegations made by petitioner are but broad and reckless accusations challenging the integrity of those charged with administering the judicial process at the trial and pleaded only as the subjective conclusions of petitioner. Under these circumstances the trial court was correct in summarily disposing of the petition without hearing. The presumption of right doing upon the part of court officials cannot be put in issue by bald accusation pleaded under 28 U.S.C.A. § 2255. However, this court has, in recognition of the fact that the proper administration of justice may sometimes de-

pend upon the services of an interpreter, examined the entire transcript of testimony to determine whether any suspicious circumstance might be revealed affecting due process. We find none. Petitioner's testimony was given in large part in English; in those instances where the services of an interpreter were used, the translation of petitioner's testimony was given as a denial both of the commission of the offense and of any admissions of the commission of the offense.

Affirmed.