Benny PEOPLES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7488.

United States Court of Appeals Tenth Circuit.

Nov. 29, 1963.

George Miller, Oklahoma City, Okl., for appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

PER CURIAM.

Despite the commendable efforts of the trial Court to save this appeal, it must be dismissed for failure to file notice thereof within the ten (10) day period prescribed by Rule 37(a) (2). The salient facts are that the defendant, Benny Peoples, was convicted by a jury verdict

for violation of 18 U.S.C. § 2113(a), i.e., unlawfully entering a bank with intent to commit a felony. On December 21, 1962, the defendant appeared with his retained counsel, and formal sentence was imposed. No further pleadings or papers were filed with the Clerk until more than two months after the imposition of sentence, at which time the defendant wrote to the Clerk from the Federal Penitentiary in Atlanta, Georgia, stating his attorney's name, and that "I have written him but can't get no answer. I would like *two no* if my case has *ben* file with you." The District Court Clerk replied, "A notice of appeal was not filed in your case." A few days later the defendant wrote to the sentencing Judge, stating that at the time of sentence he had asked " * * * your Honor if I could appeal my case in forma pauperis. My Attorney * * * informed me right in open court that he would perfect this appeal in my behalf." Thereafter, the trial Court entered an Order which recited that at the time of the imposition of sentence, the defendant had stated that " * * * he would like to appeal in forma pauperis;" that "[n]othing was said by the Court in response to the statement made by the defendant, nor did the attorney for the defendant make any comment concerning an appeal;" nor had the attorney filed any pleadings in the case since the time of trial or requested leave to withdraw from representing the defendant. After "considering all the facts and circumstances," the trial Court concluded that " * * * the oral notice of appeal given in open court and the letters in connection thereto [be] considered as sufficient notice of appeal" and that "the defendant's request to proceed in forma pauperis [be] * * * granted." Upon this certificate, the appeal was allowed in forma pauperis, and able appointed counsel filed a brief, argued the case on its merits, and resisted the motion to dismiss.

■ We must first consider the motion to dismiss the appeal, for the filing of notice within the ten (10) day period prescribed by Rule 37(a) (2) is, of course, "mandatory and jurisdictional," and cannot be enlarged for "excusable neglect" under Rule 45(b). United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259. The decisive question is, as the trial Court recognized, whether the defendant's oral statement at the time of sentence is sufficient compliance with the requirements of Rule 37 (a), which provides that an appeal to the Court of Appeals " * * * is taken by filing with the clerk of the district court a notice of appeal in duplicate." The notice " * * * shall set forth the title of the case, the name and address of the appellant and of the appellant's attorney, a general statement of the offense, a concise statement of the judgment or order, giving its date and any sentence imposed, the place of confinement if the defendant is in custody and a statement that the appellant appeals from the judgment or order. The notice of appeal shall be signed by the appellant or appellant's attorney, or by the clerk if the notice is prepared by the clerk as provided by paragraph (2) of this subdivision." [1]

■ The Rule is simple and facile, and substantial compliance will undoubtedly meet its requirements. See: Halfen v. United States (10 C.A.), 324 F.2d 52. But even though the requirements of the Rule be liberally construed, the orderly administration of justice demands that the notice contain sufficient information to inform the Court and the government that an appeal is being taken, so that the Rules of the court, with respect to the perfection of an appeal, may be duly observed. We cannot agree with the trial Court that the oral statement of the defendant that he would like to appeal his case in forma pauperis, is sufficient to put the Court and the government on notice that an appeal has been taken, in

1. Rule 37(a) (2) provides: "When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant. * * * *"

accordance with the intendment of the Rule.

The result of the dismissal is to deprive the defendant of his right to appeal, regardless of the merits of his case, and tends to reflect discredit on the professional conduct of retained counsel. In these circumstances, it seems appropriate to formally advise counsel of the disposition of the case, and afford him an opportunity to make appropriate response. The Clerk of the Court is accordingly directed to transmit a copy of this statement to counsel of record in the trial court.

Dismissed.