**Calvin FENNELL, Petitioner**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 5770.**

United States District Court
N. D. Oklahoma.

May 5, 1964.

Bert M. Jones, Jr., Tulsa, Okl., for petitioner.

John M. Imel, Dist. Atty., Phillips Breckinridge, Asst. Dist. Atty., Tulsa, Okl., for respondent.

DAUGHERTY, District Judge.

This is petitioner's third motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The Court appointed counsel; motion was clarified by Court appointed counsel upon request by the Court; a response was submitted by the Government; a hearing was ordered by the Court; and the hearing was held in accordance with said order, at which evidence was received.

The Court makes the following findings:

(1) Said petitioner did not make an intentional relinquishment of his right to appeal following his trial and conviction.

(2) Said petitioner requested his trial attorney to appeal. Said attorney does not remember any such request pertaining to a possible appeal, nor did he at any time confer with, or advise, petitioner concerning a possible appeal of his conviction.

Since the Court finds that there was no intentional relinquishment of petitioner's right to appeal, the next ques-

4. 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

tion is whether or not the trial record reveals any plain reversible error. Or to put it another way, did petitioner suffer "any prejudice in not securing a review by appeal of his trial, conviction and sentence"? See Dodd v. United States, 9 Cir., 321 F.2d 240, 246, and cases cited therein.

On March 30, 1964, the Court ordered that a transcript of the trial proceedings be furnished to the petitioner to enable him to find plain reversible error, if any existed. See United States v. Glass, 4 Cir., 317 F.2d 200, 202.

The petitioner has filed an assignment of errors, two in number, following a review of the transcript. They are:

(1) Error of the Court in overruling petitioner's motion for directed verdict of acquittal.

(2) Error of the Court in making prejudicial comments to the jury in response to a question by the jury concerning petitioner during the course of its deliberation.

The Court finds that the motion for directed verdict question—which is the same as an attack on the sufficiency of the evidence to sustain a conviction—has previously been ruled on by this Court and affirmed by the appellate court. See Fennell v. United States, 10 Cir., 313 F. 2d 941. Therein the Court said:

"In substance, the writings complained of * * * and insufficiency of the evidence to sustain the conviction. * * *, the trial court denied the petition, * * *.

"On petition to this court, leave was granted to proceed in forma pauperis. * * * Upon consideration of the whole record, we were of the opinion that the trial court's findings and conclusions of law were amply supported by the evidence, and that the petitioner's contentions were frivolous." Fennell v. United States, supra, 313 F.2d pp. 941–942.

Therefore, this assignment of error has no merit and it is denied.

The Court finds that the question of the prejudicial effect of said comments to the jury was also ruled upon and affirmed in the above case. See Fennell v. United States, supra, 313 F.2d p. 942. But assuming this is not so, the Court finds and holds that the comments of the trial Court presented by the petitioner to the Court by letter dated April 16, 1964, do not constitute plain reversible error, but to the contrary were correct and proper statements.

 Therefore, the Court concludes that while it may appear that petitioner did not intentionally waive his right of appeal, no prejudice has been shown for the reason that both errors assigned by petitioner have previously been considered by the trial and appellate courts, and held not erroneous. But if this is not true as to the involved comments of the trial Court to the jury, the Court now finds and concludes that they are not erroneous and do not constitute plain reversible error. See Dodd v. United States, supra.

Motion denied.