**Benny PEOPLES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7488.**

United States Court of Appeals Tenth Circuit.

Oct. 13, 1964.

**92**

Malcolm E. MacDougall, Denver, Colo., for the appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

MURRAH, Chief Judge.

Peoples was convicted and sentenced pursuant to jury trial on a one-count indictment charging him with unlawfully entering a bank with intent to commit a felony, in violation of 18 U.S.C. § 2113(a). On trial of the case he was represented by retained counsel. He was granted leave to appeal from that judgment in forma pauperis and competent counsel was appointed to represent him. After hearing oral argument on the merits and upon careful consideration of the briefs and record submitted, this Court in a per curiam opinion dismissed the appeal as untimely for failure to comply with the jurisdictional requirements of Rule 37(a) (2), F.R.Crim.P. See: Peoples v. United States (10 CA), 324 F.2d 689, citing United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259. Having granted certiorari, the Supreme Court vacated our judgment of dismissal and remanded the case "for consideration in the light of Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed. 760, decided this date." Peoples v. United States, 378 U.S. 586, 84 S.Ct. 1929, 12 L.Ed.2d 1040. We think this case clearly distinguishable from the facts in Fallen.

In the Fallen case, letters written by the convicted defendant and addressed to the Clerk of the Court "asking for a new trial and for an appeal" were received by the Clerk four days after the expiration of the time for filing notice of appeal prescribed by Rule 37(a) (2). The letters were dated within the ten-day period and if promptly mailed would have been, in the course of normal events, received by the Clerk within the prescribed period. On the basis of the record, there was no reason to doubt that the date on the letters was accurate and that they were deposited with the prison authorities for mailing. In these circumstances, "petitioner had done all that could reasonably be expected to get the letter to its destination within the required 10 days." He was held, therefore, not to be chargeable with the delay. In short, the timely deposit with the prison authorities constituted a timely filing within the spirit and purpose of Rule 37(a) (2). Try as we may, we cannot bring our case within the precepts of the Fallen decision.

██ Although the convicted defendant in our case stated at sentencing and in the presence of his retained attorney that he would "like to appeal in forma pauperis," nothing was done to effect the appeal for more than two months after imposition of sentence. If the defendant had not been represented by counsel, it would have been the duty of the trial Court to fully advise him of his right to appeal and upon his request, direct the Clerk "to prepare and file forthwith a notice of appeal on behalf of the defendant." Rule 37(a) (2). But, the defendant was represented by retained counsel and according to the record in the case, depended upon this attorney "to perfect this appeal in my behalf." There is nothing in the record to indicate, or from which it can be inferred, that the trial Court, the Clerk or anyone else considered the defendant's statement as "an oral notice of appeal given in open court." The Court was justified in the

assumption that timely notice of appeal would be filed by counsel. And, its subsequent treatment of the defendant's statement as an oral notice of appeal cannot be legally justified unless it can be said that representation by retained counsel was so inadequate as to cast upon the Court the burden to protect the convicted defendant's right of appeal. See: Footnote 4, Fallen v. United States, supra.

In these circumstances, it is appropriate to relate that in response to a complaint lodged with the Oklahoma Bar Association, the attorney of record stated that he had informed his client that "in my opinion, his case was without merit and that an appeal would be fruitless and in my opinion, would avail him nothing. I further informed Peoples, that in my opinion, he would have a better chance of being granted a parole, due to his age and his physical health." The attorney further stated that the reason he felt an appeal would be ineffectual was: "That the government's evidence showed conclusively that Peoples' fingerprints were lifted from the door of the bank vault; that his white Cadillac was the get-away-car used by the parties who ran from the bank; coupled with the testimony of two accomplices who testified under oath at the Preliminary Hearing of Peoples' case, that they, along with Benny Peoples, planned the bank burglary and attempted to carry it out. One of these said accomplices changed his testimony at the trial to a jury in the Trial Court and was filed on for purjery (sic.) for so doing; the other reiterated his testimony given at the preliminary hearing and testified that the three of them attempted to burglarize the bank together." Upon consideration of the attorney's response, the Executive Council of the Oklahoma Bar Association "found no basis for disciplinary action" and the matter was closed.

■■ Certainly, it was proper in the circumstances of this case for counsel to advise his client as he said he did. It did not become the duty of the trial Court under Rule 37(a) (2) to assume that the defendant was not competently represented, even to the point of deciding whether an appeal should or would be taken, and thus treat his oral statement as a notice of appeal. Given its most liberal construction in the light of its purposes, we do not believe the Rule can be stretched to cover our situation. We, therefore, reaffirm our judgment of dismissal for lack of jurisdiction.

Dismissed.