**Calvin FENNELL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7870.**

United States Court of Appeals Tenth Circuit.

Jan. 7, 1965.

John J. Coates, Jr., Oklahoma City, Okl., for appellant.

Phillips Breckinridge, Asst. U. S. Atty., Tulsa, Okl. (John M. Imel, U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant filed a motion under 28 U.S.C.A. § 2255, seeking to vacate and

set aside his conviction of conspiracy for the illegal purchase and sale of narcotics. He asserted that the indictment failed to charge the conspiracy, and secondly that appellant had no proper representation following his sentencing. This asserted failure of his retained attorney is based on the single proposition that no appeal was taken from the conspiracy conviction. The trial court denied appellant's motion, 229 F.Supp. 451 and this appeal was taken.

The trial court appointed an attorney for appellant and a hearing was commenced on the motion. The court then held that it would be necessary for the movant to show "plain error" during the original trial as a prerequisite to the granting of any relief on the motion. The court ordered that appellant be furnished a record of the trial, and granted time to his attorney to examine it and to advise the court of the errors upon which he would rely. Appellant's attorney filed an Assignment of Errors which asserted a failure by the court during the original trial proceedings to grant the defendant's motion for a directed verdict of acquittal and secondly, prejudicial comments made by the court to the jury in answer to several questions from the jury during the time it was deliberating. The trial court without further hearings then ruled that the appellant had shown no plain error, indicated that the points had previously been considered, and if not they were without basis. Appellant's motion was thereupon denied. The trial court made a finding that the appellant had made no intentional relinquishment of his right of appeal. The court further found he had requested his retained attorney during the course of the original trial to file an appeal in the event he was convicted. Appellant and his trial attorney testified below.

The appellant filed a previous motion under § 2255 asserting that there was insufficient evidence; a hearing was had and appellant testified. Relief was denied and we affirmed, 313 F.2d 941 (10th Cir.). Thereafter appellant filed a second motion asserting improper communication between the judge and the deliberating jury. The trial court found no improper communications, but stated if it were otherwise the matter would be cognizable only on an appeal. Appellant then commenced this proceeding based primarily on a failure to be properly represented.

The appellant here asserts two principal grounds for his appeal, the first being that he was not granted an adequate hearing by the trial court in this proceeding, and secondly that the trial court in requiring the showing of plain error in the original trial adopted the wrong test or standard to be applied to the motion.

If the trial court was correct in requiring that the appellant indicate error in the original trial proceedings as a condition on the granting of relief under his motion, appellant's point of inadequate hearing has no merit. Following the initial hearing and following the application of the plain error rule, the issues before the trial court were questions of law and not of fact; consequently the hearing which had theretofore been held was adequate. As indicated above, the record shows that the appellant had retained counsel during the course of the original trial. In the hearing below the appellant testified he had requested this counsel to file an appeal in the event of a conviction. No such appeal was filed, and in the hearing below, the attorney testified he had no recollection of any request that an appeal be filed. At the conclusion of the hearing, the court below made the finding that appellant had not intentionally foregone his appeal.

Appellant urges that the trial court should have applied the same test in this proceeding as it would have applied had a timely application been made for an appeal in forma pauperis. Appellant urges further that this court should follow Desmond v. United States, 333 F.2d 378 (1st Cir.), which held under the circumstances there present that the Government had the burden of showing

that appellate relief would be futile. In this cited case, the petitioner asserted that his court appointed counsel had failed to initiate an appeal after representing to the petitioner that all the necessary appeal papers had been filed.

■■ It is clear that an appeal is a matter of right under the decisions of the Supreme Court in Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21, and Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442. The Supreme Court has also stated that the defendant must comply with the time limitations provided for the various procedural steps, and specifically that a timely notice of appeal must be filed.

■ The time for the filing of a notice of appeal under Rule 37 of the Federal Rules of Criminal Procedure is a jurisdictional matter. We have held that the taking of an appeal within the prescribed time is "mandatory" and "jurisdictional." Yates v. United States, 308 F.2d 737 (10th Cir.); Peterkin v. United States, 311 F.2d 219 (10th Cir.); Wilkinson v. United States, 278 F.2d 604 (10th Cir.), cert. den. 363 U.S. 829, 80 S.Ct. 1600, 4 L.Ed.2d 1524.

■ The Supreme Court has held that the time limitations for the filing of notice of appeal cannot be extended by the court even in instances of excusable neglect. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259. The Supreme Court in Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760, however, held that a written communication which could be considered as a notice of appeal was timely although it was delayed in the mail. The dissenting Justices in the cited case would have decided the issue on the basis that the appellant, by lodging his "notice" with the prison officials, had complied with the rule. We do not have before us an instance of such an attempted written notice of appeal made within the prescribed time period, nor do we have the issues surrounding a verbal request for appeal which were considered by this court in Peoples v.

United States, 324 F.2d 689, and 337 F.2d 91 (10th Cir.). However in this last cited case, there was also present the issue as to whether or not the representation by the accused's retained counsel was so inadequate as to cast upon the court the burden to protect the defendant's right of appeal. The defendant there asserted during the course of the hearing on the motion under § 2255 that he had relied upon his retained counsel to perfect his appeal, but none was filed. This court there denied relief as no proper notice of appeal had been filed.

The case at bar is no more than a request for permission to make a late filing of a notice of appeal. There are no additional factors by way of deceit or fraud practiced upon the accused by his attorney or anyone else. Appellant nevertheless urges that Desmond v. United States, 333 F.2d 378 (1st Cir.), and Calland v. United States, 323 F.2d 405 (7th Cir.), should be followed here. In Calland the accused had retained a new attorney and paid him a substantial fee specifically for the purpose of perfecting an appeal. The court there noted the distinction between the authorities which considered the bare question of competency of counsel, and those involving fraud. The decision is based on the issue of fraud. The dissent would have also required a showing of "plain error." Likewise in Desmond v. United States, 333 F.2d 378 (1st Cir.), there was a showing that the defendant was misled by his counsel, and the decision relies on this factor of deceit. The two cited cases must be distinguished because there is no issue of fraud or deceit practiced by the attorney of the accused in the case at bar. Furthermore in Desmond the court required prompt action by the defendant to seek the remedy. Here appellant waited over two years to raise the question, and did not raise it until his third petition.

The courts which have considered cases similar to the one at bar where no fraud or deceit was present have either refused relief entirely, stating that a

failure to appeal may not be excused at all upon the mere showing of neglect of counsel, or have required a showing of plain error. In the first group are Dennis v. United States, 177 F.2d 195 (4th Cir.); Birtch v. United States, 173 F.2d 316 (4th Cir.); Moore v. Aderhold, 108 F.2d 729 (10th Cir.), and Crowe v. United States, 175 F.2d 799 (4th Cir.). The court in Mitchell v. United States, 103 U.S.App.D.C. 97, 254 F.2d 954, considered a failure to appeal, and an effective assistance of counsel argument under circumstances where it appeared that an appeal was not perfected because the retained attorney was not paid. The court held that such refusal by the attorney to appeal was not ground for vacating the sentence. The court cited Dennis v. United States, supra, but qualified it to the extent that a failure to appeal would not be ground for vacating a sentence if no plain error was shown. The court then found that there was no plain error in the original trial.

Other cases do not refuse relief entirely but require a showing of plain error to justify consideration of renewing the right to appeal. This group includes Mitchell v. United States, supra, and also Dodd v. United States, 321 F.2d 240 (9th Cir.), where the court specifically sets up the plain error requirement in a reversal and remand to the trial court. See also Miller v. United States, Ninth Circuit, 1964, 339 F.2d 581.

In Boruff v. United States, 310 F.2d 918 (5th Cir.), the accused was represented by appointed counsel who apparently assumed that his duties terminated on the sentencing of accused, and no further representation was undertaken. The court there considered the non-representation of accused during the ten day period, and held that his right of counsel extended through the exercise by him of his right to appeal. The court in the cited case also considered possible errors in the original proceedings, and actually held that venue had been improperly laid as advanced by the appellant as an error in the trial proceedings. Thus the court actually used the plain error test. We have recently considered in several cases the contentions of the inadequacy of representation of an accused who had retained counsel. Johnson v. United States, 333 F.2d 371 (10th Cir.).

The record shows here that there was no plain error in the original proceedings leading to appellant's conviction. His attorney below made assignments of error, and these were examined by the trial court and found to be without merit. We agree with the trial court's determination. The appellant was afforded an adequate hearing below on all factual matters, and further had a full hearing on one of his same points during a previous § 2255 proceeding.

There is no direct authority contrary to the application of the "plain error" requirement as made by the trial court under the circumstances here present. It is recognized that there is thereby imposed a prerequisite to an appeal which is not present when application for appeal is timely made. We are convinced that this is a reasonable requirement to the consideration of an application for a variation from the rules. It should first be determined whether the remedy sought has any practical use at all by the application of the "plain error" test, as the rights of the appellant here are not to be determined in the abstract. The Supreme Court in Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760, stated that the rules were not intended to have inflexible meaning irrespective of the circumstances. When application is made to bend them, it is reasonable to attach practical conditions or prerequisites.

Appellant's point in his original petition that the conspiracy was not properly charged is without merit. Charley v. United States, 303 F.2d 512 (10th Cir.), and subsequent cases.

Affirmed.