John J. CHING, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7816.

United States Court of Appeals
Tenth Circuit.

Nov. 5, 1964.

Certiorari Denied Feb. 1, 1965.

See 85 S.Ct. 732.

Lawrence J. Lee, Denver, Colo., for appellant.

James A. Clark, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., and Donald P. MacDonald, Asst. U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying, without a hearing, appellant's motion under Rule 32(d), F.R.Crim.P., to withdraw his guilty pleas in three criminal cases, four years after sentence was imposed. Each of the cases were transferred to the District of Colorado pursuant to Rule 20, F.R.Crim.P., and the primary contention in support of the motion and on appeal is that (1) the sentencing court was without jurisdiction to accept the guilty pleas because the requisite consent forms were executed prior to receipt of a copy of the respective Informations; and (2) such pleas were not intelligently made, but were made under a "misapprehension" in that appellant was not advised of his rights with respect to permissible pleas under Rule 20.

A full transcript of all proceedings involving the appellant were before the trial Court, and had been the basis for the disposition of more than "thirty motions, applications, letters and the like related in some fashion to post-conviction efforts." The Court accordingly decided the contentions made here "solely on the basis of facts as of record" and denied the same as being without merit, whether considered as a motion to withdraw a guilty plea under

Rule 32(d) or as a motion to vacate sentence under 28 U.S.C. § 2255. And see: Ching v. United States, 10 Cir., 292 F.2d 31.

We must first consider the Government's motion to dismiss the appeal as untimely, for failure to comply with the jurisdictional requirements of Rule 37(a) (2), F.R.Crim.P. See: Peoples v. United States (10 CA), 324 F.2d 689, remanded 378 U.S. 586, 84 S.Ct. 1929, 12 L.Ed.2d 1040 on remand 337 F.2d 91 (September, 1964). The Court's order denying the instant motion was filed May 13, 1964, but the appellant apparently did not receive it until May 25th. The requisite notice of appeal was notarized on May 26th, and received by the clerk for filing on June 1, 1964. The ten-day limitation period provided by Rule 37(a) (2) commences on the date of "actual notice or receipt of the clerk's notice rather than from the date of the entry of the order." Lohman v. United States, 6 Cir., 237 F.2d 645. And see: West v. United States, 94 U.S.App.D.C. 46, 222 F.2d 774; and Carter v. United States, 10 Cir., 168 F. 2d 310. Cf. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760; and Peoples v. United States (10 CA), 337 F.2d 91 (1964). The notice of appeal having been filed within ten days from receipt of the Court's order, it was timely.

The execution of the consent to transfer forms is conceded. The contention is, however, that actual receipt of the Informations is prerequisite to the jurisdiction of the sentencing court; and, that the record does not conclusively show this crucial fact. But, each consent form signed by appellant and witnessed by his attorney contained a clause expressly reciting that, "I, John Jake Ching, defendant in the above-entitled and numbered case, do hereby acknowledge receipt of a copy of the Criminal Information pending against me in the above case." In these circumstances, there are no grounds for the exercise of the Court's discretion under Rule 32(d) to vacate the sentence and permit the appellant to withdraw his plea. See: Woykovsky v. United States, 9 Cir., 309 F.2d 381; Criser v. United States, 10 Cir., 319 F.2d 849; Hoyt v. United States (10 CA), 252 F.2d 460; and Osborne v. Looney (10 CA), 221 F.2d 254.

The record conclusively shows that appellant was represented by counsel of his own choice at every step of the proceedings, and that he intelligently and voluntarily consented to the jurisdiction of the sentencing court and freely and voluntarily entered his pleas of guilty upon which he was sentenced.

Affirmed.