Jay J. FREDERICKSON, Plaintiff,

v.

AUTOMOTIVE TEAMSTERS, CHAUFFEURS, & MISCELLANEOUS EMPLOYEES LOCAL UNION NO. 165, Local Joint Council of Teamsters No. 38, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Verne Shorey, Yellow Cab Co., and Greyhound Cab Co., Defendants.

Madelon J. AGUIRRE, Joseph R. Alcarez, Edward J. Armbruster, Wells A. Bain, Clifton J. Blevins, Victor Bogdenoff, Edward D. Bohrer, Ernest E. Bourne, Jerry Bouscher, Alan H. Bragg, Larry Brodbeck, Ronald W. Brown, Norman Bushong, Richard W. Canafax, Cedric Clegg, Francine A. Connors, Ellen Corey, Linda Courtney, Bert Cunningham, Cesar Lima DeMello, Charles P. Dillard, Samuel J. Dorsham, Charles E. Dukes, Niobe Thalassa Erebor, Roy E. Estes, Eric August Flunker, III, George Franceschini, Tomos Garcia, Jerome J. Gau, Donald E. Hall, Wayne Harrison, Rita Hernandez, John Hewitt, John Highfill, Robert W. Holden, James A. Johnson, Percy Jones, Walter Jones, Richard Kennedy, III, Ivan N. Kinkennon, Orville Kirk, Donald C. LaForm, Richard C. Leventon, Rosemary McGehee, Frank McVarish, Donald L. Mason, Ronald W. Medd, Joseph R. Moore, George Moschke, Theodore G. Murphy, Ralph E. Newman, Michael G. Nichols, Elliot Novak, Wilbert E. Orchard, Donald Otto, Phillip Perez, Sylvia Pexton, Benjamin Pfost, Layne Phillips, L. D. Quinlan, Lee R. Richardson, Anthony M. Romano, Robert J. Sann, Bruce Schambrough, John H. Scheer, James Scruggs, Robert D. Siedlecki, Sr., Steven Sledz, Dave Smith, Patrick K. Smith, Samuel Smith, Glen Stockton, Homer C. Strickland, Michael Teraveici, Thearo Thomas, Russell Traganza, Richard L. Valdez, Sherry L. Verdugo, Joe

Virone, Harold L. Wakefield, William Willson, and J. Dukes, Plaintiffs,

v.

AUTOMOTIVE TEAMSTERS, CHAUF-FEURS, & MISCELLANEOUS EM-PLOYEES LOCAL UNION NO. 165, Local Joint Council of Teamsters No. 38, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Verne Shorey, Waldo Irby, Richard Butler, Larry Henderson, Frank Nickelson, Lew Dascenzo, C. W. George, Ray Sickle, Bruce Neely, Frederick Pleines, Mohinder S. Rye, Yellow Cab Co., and Greyhound Cab Co., Defendants.

Civ. Nos. S-76-38, S-76-62.

United States District Court,
E. D. California.

March 15, 1979.

Richard Keith Corbin, Sacramento, Cal., for plaintiff Jay J. Frederickson.

Robin W. Allen & Associates by Robin W. Allen, Sacramento, Cal., for plaintiffs Madelon J. Aguirre et al.

Brundage, Beeson & Pappy by Dennis Moss, Los Angeles, Cal., for defendant Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

Brundage, Beeson, Tayer & Kovach by Neil Bodine, Sacramento, Cal., for defendants Automotive Teamsters, Chauffeurs, and Miscellaneous Emp. Local Union No. 165 and Local Joint Council of Teamsters No. 38.

Turner & Sullivan by Robert J. Sullivan, Sacramento, Cal., for defendant Frank Nickelson.

Diepenbrock, Wulff, Plant & Hannegan by William B. Shubb, Sacramento, Cal., for defendant C. W. George.

Memel, Jacobs, Pierno & Gersh by Michael A. Manley, Sacramento, Cal., for defendant Lew Dascenzo.

Stern, Stotter & O'Brien by Edward Stern, San Francisco, Cal., for defendant Vern Shorey.

## MEMORANDUM DECISION AND ORDER

HAUK, District Judge (Sitting by Designation).

A number of motions are before this court, the Honorable A. Andrew Hauk sitting here in the Eastern District of California by designation of Chief Ninth Circuit Judge James R. Browning, in two contested cases: *Aquirre, et al. v. Automotive Teamsters, Chauffeurs, and Miscellaneous Employees Local Union No. 165, et al.,* C.W. No. S–76–62, and *Frederickson v. Automotive Teamsters, Chauffeurs, and Miscellaneous Employees Local No. 165, et al.,* C.W. No. S–76–38. The allegations set forth in the two complaints are carefully summarized and analyzed in Judge MacBride's Memorandum Decision of July 6, 1978 (pp. 2–6).

On January 24, 1977, defendant International Brotherhood of Teamsters (hereafter IBT) moved to dismiss, or in the alternative for summary judgment. Also on that date, defendant Local 165, Joint Council of Teamsters No. 38, Lew Dascenzo and Vern Shorey moved for summary judgment. On January 27, 1977 defendant C. W. George and Frank Nickelson also moved for summary judgment. Oral argument was heard on February 5, 1977, and continued to further briefing until March 5, 1977, at which time the motions were taken under submission.

On July 6, 1978, by Memorandum Decision, Judge MacBride denied defendants' motions to dismiss the Complaints for lack of subject matter jurisdiction. The Court granted summary judgment as to Dascenzo, George and Nickelson on the 2nd, 3rd, and 4th Causes of Action, but denied summary judgment as to the First Cause of Action, finding that there were genuine issues of material fact. The Court also denied Shorey's motion for summary judgment on the same grounds.

The Court did not decide the motions for summary judgment by Local 165, Joint Council of Teamsters, No. 38 and the IBT. Further oral argument on these motions was heard on February 5, 1979, and decision made by the Court as follows:

Defendants Local 165, Joint Council No. 38 and the IBT moved for summary judgment on the grounds that even if employees of any or all of the labor organizations had tampered with the ballots cast in the ratification vote of January 8, 1976, the employees had acted beyond the scope of their employment as defined by applicable federal law, and therefore the labor organizations were not liable. Joint Council 38 and the IBT also moved for summary judgment

on the additional ground that even if Local 165 was liable for the acts of its employees, it had not acted with the authorization or ratification of the Joint Council or the IBT and they would therefore not be liable.

Before examining the specific facts relating to each of these defendants, it is helpful to set forth the provisions of Rule 56 governing these motions. Rule 56(c) provides in part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The facts underlying both plaintiffs and defendants contentions relevant to the motions for summary judgment are all set forth in detail in Judge MacBride's Memorandum Decision of July 6, 1978, at pp. 16–35.

## STANDARD OF AGENCY

While Complaint S–76–62 alleges that the action arises under 29 U.S.C. § 141 et seq., the Labor Management Relations Act (LMRA), as well as under 29 U.S.C. §§ 401–501, the Labor Management Reporting and Disclosure Act (LMRDA), the only jurisdictional basis alleged is 29 U.S.C. § 412. Therefore, the arguments raised by plaintiffs as to claims for relief and standards of agency under the LMRA need not be considered. ·

As to the four claims for relief over which the Court has jurisdiction under 29 U.S.C. § 412[1], the Court finds that the applicable standard of agency in this action is that set forth in 29 U.S.C. § 106.

Section 6 of the Norris La Guardia Act (29 U.S.C. § 106) provides:

"No officer or member of any association or organization, and no association partic-ipating or interested in a labor dispute, shall be held responsible or liable in any court of the United States for the unlawful acts of individual officers, members, or agents, *except upon clear proof of actual participation in, or actual authorization of such acts, or of ratification of such acts after actual knowledge thereof.*" (Emphasis Added.)

■■■ The Norris La Guardia Act was enacted for the purpose *inter alia* of limiting the circumstances and conditions under which legal action could be taken against labor organizations in the context of labor disputes. Therefore, the provisions of Norris La Guardia are applicable to all suits in Federal Courts involving labor disputes whether arising under federal or state law. See *Ramsey v. United Mineworkers of America*, 401 U.S. 302, 91 S.Ct. 658, 28 L.Ed.2d 64 (1971); *Amazon Cotton Mill v. Textile Workers Union of America*, 167 F.2d 183 (4th Cir. 1948). 29 U.S.C. § 106 sets forth the general rule of agency applicable to all actions in federal courts arising in labor disputes except when the statute under which the action is brought contains specific language to the contrary, such as in 29 U.S.C. § 185. The events which gave rise to this action occurred during and as part of a dispute between defendant Local 165 and two cab companies. The ratification vote, the conduct of which has been challenged by this action, was taken during a strike and led to the culmination of the strike.

■■ The Courts have held that "labor dispute" as used in Section 6 must be broadly and liberally construed. *United Electric Coal Co. v. Rice*, 80 F.2d 1 (7th Cir. 1935), *cert. denied*, 297 U.S. 714, 56 S.Ct. 590, 80 L.Ed. 1000; *Texas Millinery Co. v. United Hatters, Cap and Millinery Int'l Union*, 229 F.Supp. 451 (N.D.Tex.1964), *aff'd*, 362 F.2d 322 (5th Cir. 1966.) Therefore the Court finds that this action arose in the context of a labor dispute.

---

1. Judge MacBride found those to be: (1) infringement of plaintiffs' rights to participate in voting on the contract in violation of Sections 411(a)(1) § 412 of the LMRDA, (2) false representations of the tally of ballots in violation of § 501 of the LMRDA, (3) denial of requests for copies of the employment contract, ballots cast and records in violation of LMRDA, and (4) harassment and intimidation of plaintiffs in violation of the LMRDA.

■ 29 U.S.C. § 106 requires "clear proof" of "actual authorization of such acts, or ratification of such acts after actual knowledge thereof." Clear proof means "clear, unequivocal and convincing proof." *United Mineworkers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Ritchie v. United Mineworkers*, 410 F.2d 827 (6th Cir. 1969). § 106 requires a standard of proof greater than preponderance of the evidence and less than proof beyond a reasonable doubt. *Kayser Roth Corp. v. Textile Workers Union of America*, 479 F.2d 524 (6th Cir. 1973). *Lewis v. Pennington*, 257 F.Supp. 815 (D.Tenn.1966), *aff'd in part, rev'd in part on other grounds*, 400 F.2d 806 (6th Cir. 1968).

■ When the standard of clear proof of authorization or ratification is applied to the facts which plaintiffs have produced in response to the Motion for Summary Judgment, it is absolutely beyond question that plaintiffs have failed to meet their burden of proof. And there is no genuine issue of material fact in this regard.

### LIABILITY OF LOCAL 165

Article XII, Section 1(b) of the Constitution of the IBT provides:

"A strike may be terminated by a majority vote of the involved members voting either by secret ballot or by mail referendum as directed by the Local Union Executive Board. The requirement that the employer's final offer of settlement can be rejected only by a two-thirds (⅔) vote shall not apply during a strike."

The IBT Constitution clearly places responsibility for the conduct of contract ratification votes with the Executive Board. While the Executive Board of Local 165 authorized Shorey as Chief Executive Offi-

cer to conduct a ratification vote, plaintiffs have failed to produce any evidence that the Executive Board of the membership of the Local 165 authorized Shorey or any other employee of Local 165 to tamper with the ballots, falsely represent the tally of votes, deny contracts or documents, or harass or intimidate plaintiffs, nor have the adduced evidence of participation or ratification of such acts.[2]

Therefore, the Court finds that there is no genuine issue of material fact as to whether Local 165 authorized, or ratified any action in violation of 29 U.S.C. §§ 401–501, and on that basis summary judgment should be granted.

### LIABILITY OF JOINT COUNCIL NO. 38

Plaintiffs allege that Joint Council 38 is liable either through the illegal actions of Gil Grieve, a Joint Council employee, Shorey, a Joint Council Officer, or Local 165, a Joint Council affiliate.

It is unnecessary to decide whether there are genuine issues of material fact as to whether Grieve tampered with the ballots. Plaintiffs have shown no evidence to prove that the Joint Council Executive Board or President, Norbert F. Miller, specifically authorized Grieve to even participate in negotiations or the ratification meeting, much less tamper with the ballots. Although Shorey was an officer of the Joint Council, he conducted the ratification vote in his capacity as Secretary-Treasurer of Local 165. No evidence was produced to show Joint Council authorization or ratification of ballot tampering by Shorey. Nor can ratification be shown by the Joint Council's review of the employment contract. Even if such a review is construed as approval, approval of the contract does not support

---

2. It should be noted, in this connection, that plaintiffs by implication, if not by express affirmation, contend that even though he was Chief Executive Officer, Shorey "knew that he was losing his grip on the union [Local 165]," and that "he met surreptitiously, away from the union business hall, or from the company offices, at plush country clubs, private homes of employees, and in various restaurants around town where at least one of the names of the

negotiating committee members came up." These activities of Shorey, relied upon by the plaintiffs, rather than showing union authorization, participation or ratification, clearly indicate that Shorey was, for personal motives in desiring to maintain his status in the union, engaging in a frolic of his own divorced from any efforts authorized by, participated in or ratified by the union. See plaintiffs' Supplemental Statement of Facts, pp. 3–4.

an inference of approval of ballot tampering.

Because the Court has found that Local 165 is not liable for the acts of its employees, the Joint Council cannot be held liable based on the affiliation of Local 165.

█ Even if there were a genuine issue of material fact as to Local 165's liability, the Joint Council would not be liable.

In *United Mine Workers v. Coronado Coal*, 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975 (1922), the Supreme Court held as a matter of law and has recognized that affiliates of a nation or international labor organization are not presumed by the mere fact of their affiliation to be agents of the latter. More recently the cases of *United Mine Workers v. Gibbs, supra* ; *Barefoot v. International Brotherhood of Teamsters*, 424 F.2d 1001 (10th Cir. 1970); *Bacino v. American Fed. of Musicians*, 407 F.Supp. 548, 533 (N.D.Ill. 1976); and *Walters v. Roadway Express*, 400 F.Supp. 6, 16 (S.D.Miss.1975), have reinforced the *Coronado* decision.

The inapplicability of principal/agent status to the International/Local relationship is also implicit in the Federal Labor Code:

"Section 185(c) (29 U.S.C. 185(c)) itself, setting out the criteria for the assertion of venue-jurisdiction over a labor organization, necessarily presupposes the autonomy of a national labor organization; to interpret the statute otherwise would negate the necessity of its existence." *Barefoot, supra*, 424 F.2d at 1004.

The same analysis is equally applicable to the relationship between locals and district (or joint) councils within the international structure.

Absent the presumption of agency, the actual relationship of the parties must be examined to determine whether an agency relationship exists. The courts have traditionally analyzed Local-International relationships by examining Local autonomy as is apparent from the Local's by-laws and the International's Constitution, and through examining the relationship in regard to the facts of the particular case.

Analysis of the Constitution and/or By-Laws of the entities involved is a common determinative factor of agency-principal relationships. *Morgan Drive-Away, Inc. v. International Brotherhood of Teamsters*, 268 F.2d 871 (7th Cir. 1959), *cert. den'd*, 361 U.S. 896, 80 S.Ct. 189, 4 L.Ed.2d 152 (1959); *International Brotherhood of Teamsters v. United States*, 275 F.2d 610 (4th Cir. 1960), *cert. den'd*, 362 U.S. 975, 80 S.Ct. 1060, 4 L.Ed.2d 1011 (1960); and *Bacino v. Amer. Fed. of Musicians*, 407 F.Supp. 548 (N.D.Ill. 1976). A review of the International's Constitution, the Local's by-laws and the Joint Council by-laws in the instant case demonstrates a sufficient degree of autonomy to support a non-finding of any agency relationship. Nor does the assistance of Local 165 in negotiations by a Joint Council representative create an agency relationship.

In *DiGiorgio Fruit Corp. v. NLRB*, 89 U.S.App.D.C. 155, 191 F.2d 642 (1951), the Court held that where a local has sufficient autonomy, the assistance of International representatives during a strike does not make the local union an agent of the International. See also, *NLRB v. ILWU Local 10*, 283 F.2d 588 (9th Cir. 1960); *Walters v. Roadway Express, Inc., supra.*

Therefore, the Court finds that there is no genuine issue of material fact as to the liability of Joint Council No. 38, and on that basis holds that its motion for summary judgment should be granted.

## LIABILITY OF THE INTERNATIONAL

The same analysis with regard to the liability of Joint Council No. 38 is *pari pasu* applicable to the IBT. While Gil Grieve was specifically authorized to participate in negotiations on behalf of George Mock, an International Vice President, he was not authorized to tamper with the ballots. Nor is the IBT liable based on the mere affiliation of Local 165.

Therefore, the Court finds that there is no genuine issue of material fact as to the liability of the IBT, and on that ground also holds that its motion for summary judgment should be granted.

## ORDER

IT IS ORDERED for the reasons stated above that summary judgment as to both Complaints herein and as to each and all claims for relief therein alleged, shall be made and entered in favor of defendants Automotive Teamsters Local 165, Joint Council of Teamsters No. 38, and the International Brotherhood of Teamsters, and against plaintiffs, and the Complaints and said alleged claims for relief in cases numbered S–76–38 and S–76–62 herein are dismissed with prejudice in their entirety as to these defendants.

IT IS FURTHER ORDERED that each party shall bear its own costs of suit incurred herein, and that the Clerk of Court shall serve forthwith by mail, counsel for all parties herein.

LET SUMMARY JUDGMENT BE ENTERED ACCORDINGLY.