931 F.2d 64
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Leonard RUTHERFORD, Defendant-Appellant.
 No. 90-1267.
 United States Court of Appeals, Tenth Circuit.
 April 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Albert Leonard Rutherford, whose conviction under 18 U.S.C. Sec. 1203 for taking a hostage to compel another person or the United States government to do something in exchange for the hostage's release was affirmed by this court, see United States v. Rutherford, No. 88-2138 (10th Cir. July 14, 1989) (unpublished order and judgment), has filed a motion to dismiss his indictment. We treat this as a petition for relief under 28 U.S.C. Sec. 2255. Rutherford argues that the indictment failed to allege a violation of the statute because, while he might have been guilty of assault, he was not guilty of taking the alleged victim as a hostage, as required by the statute. He also argues that applying 18 U.S.C. Sec. 1203 to the facts of this case is an unconstitutional incursion upon the rights of the state of Colorado to punish offenses committed in that state. The district court denied relief.
 
 
 3
 We agree with the government that at this stage, after Rutherford's conviction has been affirmed, the sufficiency of the indictment is not subject to collateral attack. See Charley v. United States, 303 F.2d 512, 513 (10th Cir.1962). Further, even if the indictment were subject to attack this court necessarily resolved the issue against Rutherford when it found the evidence sufficient to support the conviction and affirmed his conviction on direct appeal.
 
 
 4
 We regard Rutherford's argument that the hostage taking statute, 18 U.S.C. Sec. 1203, is somehow a violation of states' rights and the Tenth Amendment as entirely frivolous.
 
 
 5
 AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3