166 So.2d 194 (1964)
Jesse James JACKSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-139.
District Court of Appeal of Florida. Third District.
July 7, 1964.
*195 Robert L. Koeppel, Public Defender, and Donald Wheeler Jones, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Victor V. Andreevsky, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
CARROLL, Judge.
The petitioner while confined in the state penitentiary collaterally attacked the judgments under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. He had been adjudged guilty of robbery and of assault with intent to commit first degree murder with a firearm, after pleading not guilty and being tried without a jury. The sentences, 10 years for the robbery and 20 years on the assault with intent to murder, were made to run concurrently. There were later adjustments in the sentences but the terms remained approximately the same.
The contentions presented here are (1) that petitioner was denied the right to secure witnesses whose names he furnished to the public defender who then refused to subpoena them; (2) that the evidence was insufficient to support the judgments; (3) that he was in effect denied the right of appeal when the public defender's office, who represented him, refused to take an appeal from his conviction when the petitioner through deficiencies in education and lack of knowledge and procedure was unable to take the appeal through his own efforts, and could not take it otherwise because insolvent; (4) that he was adversely prejudiced by improper remarks of the prosecuting attorney not eradicable by court instructions; (5) that evidence was improperly introduced against him; and (6) that a confession was extracted from him by force and later used in trial and that he was not given a prompt preliminary hearing.
Regarding the first contention, the petitioner's reliance on the recent case of Byers v. State, Fla.App. 1964, 163 So.2d 57, as authority, is misplaced. There is a material distinction between this case and Byers, where it was contended the petitioner's right to compulsory attendance of witnesses on his behalf was denied him. Here the petitioner complains that a witness or *196 witnesses whose names he furnished to his attorney, the public defender, were not supplied through refusal or neglect of his lawyer to obtain them. That amounts to a contention of improper handling of his case by his lawyer. As such, the contention was insufficient in a petition under Criminal Procedure Rule No. 1. For example, the incident was not shown to be outside the range of judgment of counsel. See Webster v. State, Fla.App. 1963, 156 So.2d 890; Simpson v. State, Fla.App. 1964, 164 So.2d 224. The record refutes the contention of use of a confession.
The remaining contentions listed above (other than that dealing with taking an appeal) concern matters which were reviewable on appeal. When an appeal is deliberately bypassed, such action can be conclusive and a basis for rejecting matters properly presentable for review on appeal, when they are proffered in a motion under Criminal Procedure Rule No. 1. But here the petitioner contends he desired to appeal but was prevented from taking one through insolvency, his personal inability, and refusal of the public defender to prosecute an appeal on his behalf. In effect at the time was Chapter 30143, Laws of Florida 1955, under which a public defender was provided for in Dade County with prescribed duties which included "prosecution of appeals, if the same should be."
Inasmuch as it is alleged that appeal was not deliberately bypassed it would be inappropriate to reject as having been waived through non-appeal those matters which more properly could have been reviewed on appeal, and which, in the absence of such an appeal, have been offered here as a basis for relief under Criminal Procedure Rule No. 1. See United States v. Winstead, D.C.N.D.Cal. 1964, 226 F. Supp. 1010, 1013, and cases cited there.
This petition under Criminal Procedure Rule No. 1 was denied by the trial court without formal hearing. For the reasons stated we are of the opinion that the petitioner was entitled to hearing on the petition. Whereupon, the order dismissing the petition is reversed and the cause is remanded to the trial court with directions to proceed with a formal hearing as provided for in the rule. If the trial court concludes, on hearing with reference to the petitioner's claim relating to appeal, that an appeal was not omitted under circumstances such as to amount to intentional relinquishment or an abandonment of the right to appeal, and that petitioner desired to appeal and was thwarted as he alleges, then the trial court may again consider (as on a delayed motion for new trial) the other listed contentions relating to evidentiary matters and incidents at the trial, and rule thereon as the merits of the several contentions may require.
Reversed and remanded with directions.