PER CURIAM.
This is an appeal from an order denying a motion for post-conviction relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
The appellant, on a plea of not guilty, was convicted by a jury of aggravated assault. In the course of the proceedings thereafter a motion for post-conviction relief was filed alleging various matters, which included the ground that the public defender, whose office represented the defendant, refused to file notice of appeal from his conviction.
The trial judge denied the motion and, from reading the record, we do not find that the public defender filed any defense touching this subject. The trial judge entered an order denying the motion and hence this appeal.
All the grounds of the appellant’s motion are denied except the ground that the public defender refused to appeal.
In Jackson v. State, Fla.App.3, 1964, 166 So.2d 194, the Third District had almost the identical question before it with the additional allegation that the public defender had refused to appeal when the petitioner, through deficiencies in education and lack of knowledge and procedure, was unable to take the appeal through his own efforts and could not take it otherwise because he was insolvent. In reversing the Jackson case, the court took occasion to say:
“ * * * When an appeal is deliberately bypassed, such action can be conclusive and a basis for rejecting matters properly presentable for review on appeal, when they are proffered in a motion under Criminal Procedure Rule No. 1. But here the petitioner contends he desired to appeal but was prevented from taking one through insolvency, his personal inability, and refusal of the public defender to prosecute an appeal on his behalf. * * *
* * * * * * *
“ * * * If the trial court concludes, on hearing with reference to the petitioner’s claim relating to appeal, that an appeal was not omitted under circumstances such as to amount to intentional relinquishment or an abandonment of the right to appeal, and that petitioner desired to appeal and was thwarted as he alleges, then *523 •the trial court may again consider (as •on a delayed motion for new trial) the other listed contentions relating to evidentiary matters and incidents at the trial, and rule thereon as the merits of the several contentions may; require.”
Inasmuch as the trial judge’s rulings on all of the contentions raised by the appellant are affirmed, with the exception of his allegation that the public defender refused to appeal, we are reversing this case for. hearing on that specific issue only.
Reversed.
ALLEN, C. J., and SHANNON 'and ANDREWS, JJ., concur.