191 So.2d 292 (1966)
Phillip MURRAY, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 65-969, 65-970.
District Court of Appeal of Florida. Third District.
November 1, 1966.
*293 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
PEARSON, Judge.
These appeals are from sentences which were entered upon vacating the sentences which had been imposed when the defendant was found guilty of attempting to utter a forged instrument and uttering a forged instrument, and from an order which denied part of the relief sought in appellant's motion under Criminal Procedure Rule I, F.S.A. ch. 924 Appendix.
The appellant received a full evidentiary hearing upon his motion for relief pursuant to Criminal Procedure Rule I. The trial court determined that appellant had been prevented from appealing his conviction because of insolvency and the refusal of his attorney to prosecute an appeal in his behalf. See Jackson v. State, Fla.App. 1964, 166 So.2d 194; Hinton v. State, Fla.App. 1965, 177 So.2d 522. Having made this determination of fact, the trial judge vacated the sentence, resentenced the defendant, and ordered that the time for a motion for new trial be extended to permit a delayed motion and an appeal in the event the motion should be denied. The delayed motion for new trial was made and denied. The defendant filed two notices of appeal. One notice of appeal is directed to the Rule I order (appeal no. 65-969); the other is directed to the sentences imposed after the original sentence was vacated (appeal no. 65-970).
The Public Defender, in behalf of the defendant, has vigorously contended that the trial court had no power to entertain a "delayed motion for new trial" in contravention of Fla. Stat., § 920.02(3), F.S.A., and that the trial court should have vacated the defendant's conviction and ordered a new trial. The State has contended with equal vigor that the defendant, having been denied his right to post conviction appellate review, is entitled to an appeal and that a delayed motion for new trial is the proper procedure for setting the judicial machinery into motion.
We hold that the trial court had no authority to entertain a motion for new trial. The motion was filed beyond the time limited by section 920.02(3); therefore, it was a nullity. See Miller v. State, Fla.App. 1961, 134 So.2d 513; Hogwood v. State, Fla.App. 1965, 175 So.2d 817.
We reject the contention that one who has been frustrated in taking an appeal is entitled to a new trial without any consideration being given to whether or not there was an error in his trial.[1] We also reject the contention that one who has been frustrated in taking an appeal from his conviction is entitled to an *294 appeal[2] as a consequence of a Rule I petition which does not allege any error or irregularity in the trial.
A motion to vacate a conviction or sentence cannot be used as a substitute for, or in lieu of, an appeal; therefore, a Rule I petition may not be used to secure a retrial on the sufficiency of the evidence or on asserted errors of law. Austin v. State, Fla.App. 1965, 160 So.2d 730. In Jackson v. State, Fla.App. 1964, 166 So.2d 194, we recognized an exception to this rule. We held that such matters could be urged as a ground for Rule I relief under the facts in that case. The statement in the Jackson case  that "the trial court may again consider (as on a delayed motion for new trial) the other listed contentions relating to evidentiary matters and incidents at the trial, and rule thereon as the merits of the several contentions may require"  does not authorize the filing of a "delayed" motion for new trial. A contrary view was expressed in Henderson v. State, Fla.App. 1966, 183 So.2d 872. We have determined that said view is not warranted by the holding in the Jackson case.
The Jackson case, supra, held that the defendant may urge those matters which he could have raised on a direct appeal from his conviction and sentence as grounds for post conviction relief under Criminal Procedure Rule I.[3] In ruling upon said matters, the trial judge is to follow the applicable rules of law which govern the consideration of a motion for new trial. An adverse ruling upon said matters may be assigned as error upon an appeal from the order entered in the Rule I proceeding.
The appellant contends that the trial court's attempt to reinstate the prior appeal is contrary to the holding in Kinsey v. State, Fla.App. 1965, 179 So.2d 108.
In Kinsey v. State, supra, a motion was filed, in the appellate court, for an order allowing a notice of appeal nunc pro tunc. This was an attempt by Kinsey to have the court reinstate an appeal which had been voluntarily dismissed pursuant to Rule 3.13(b), Florida Appellate Rules, 31 F.S.A. The court held that it did not have the power to reinstate the appeal.
We find no effort to reinstate an appeal in the instant case. The trial court attempted to give the appellant a new right to appeal by entertaining a motion for new trial. We have held that the procedure was not authorized; therefore, it is not necessary to consider the Kinsey case.
The record of the appellant's trial is before the court. We have reviewed that record and find no reversible error. A new trial was not required. The order in appeal number 65-969 is affirmed.
The appellant has not urged error in the sentence imposed by the trial court; therefore, appeal number 65-970 is affirmed.
Affirmed.
NOTES
[1] See United States v. Peabody, W.D. Wash. 1958, 173 F. Supp. 413; Fennell v. United States, 10th Cir., 339 F.2d 920. But cf. Pate v. Holman, 5th Cir.1965, 341 F.2d 764; Edge v. Wainwright, 5th Cir.1965, 347 F.2d 190.
[2] See Desmond v. United States, 5th Cir.1964, 333 F.2d 378; Desmond v. United States, 5th Cir.1965, 345 F.2d 225; Fennell v. United States, 10th Cir.1965, 339 F.2d 920.
[3] See also the concurring opinions in Bashlor v. Wainwright, Fla. 1966, 189 So.2d 800.