PER CURIAM.
The appellant filed a motion to vacate pursuant to Criminal Procedure Rule I, F.S.A. ch. 924 Appendix. The trial court assumed the verity of the following allegation:
“Now the defendant respectfully contends that he requested his state appointed counsel to enter a notice of appeal in this cause and prosecute same. Further, that his counsel promised to do so and did exactly nothing, thus causing the defendant to loose his organic right to appeal in this instance, and that this in its self causes the defendants rights, both state and federal to be suppressed and flagrantly violated.”
See Jackson v. State, Fla.App.1964, 166 So.2d 194; Murray v. State, Fla.App.1966, 191 So.2d 292. The trial judge then proceeded to consider the Rule I motion as a motion for new trial.
The trial court did not set an adversary hearing but denied relief on an ex parte proceeding. No record of the evidence presented at the trial was before the trial judge and he was not the judge who had tried the case.
The appellant is entitled to a hearing upon his motion. The order denying the motion is reversed and the cause is remanded with directions to conduct a hearing for the purpose of deteTHiining whether or not the appellant was thwarted in his desire to appeal. See Jackson v. State, supra; Murray v. State, supra. If this issue is resolved in favor of the appellant, the court shall: (1) determine whether the responsibility lies with the movant or the State to provide Reporters’ Transcribed notes; (2) provide for an adversary hearing on the sufficiency of the evidence[1] to support the conviction, after opportunity to procure the Reporters’ Transcribed notes ; and (3) determine the merits of said allegation as on a motion for a new trial.
Reversed and remanded.

. This issue was raised in the petition.