**William Tyrone HARRIS, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 25000.**

United States Court of Appeals Fifth Circuit.

April 2, 1968.

Robert E. Davis, Eugene L. Smith, Dallas, Tex., for appellant.

Allo B. Crow, Jr., Asst. Atty. Gen., Austin, Tex., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

This is an appeal from a denial of habeas corpus after an evidentiary hearing.

■■ There was no denial of court-appointed counsel on appellant's 1952 appeal from a state court conviction for murder. At his trial and on motion for new trial he was represented by retained counsel, who did not represent him on appeal because his fee for an appeal was not paid. The findings of fact made at the evidentiary hearing, which we do not find plainly erroneous, require the conclusion that it was not made manifest to the trial judge that appellant did not have counsel for appeal, or that appellant had become indigent during the trial, or

that he desired counsel for appeal. The right to counsel does not depend upon a request, Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), but where the defendant is represented at trial by retained counsel it must be made known to the court that he is indigent and no longer has counsel before the duty arises to appoint counsel for appeal. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Pate v. Holman, 341 F.2d 764 (5th Cir. 1965).

The district court did not abuse its discretion in refusing to grant a continuance of the evidentiary hearing.

Affirmed.