PER CURIAM.
The appellant-defendant was convicted on an Information charging him with armed robbery. An attorney was appointed by the Judge of the Criminal Court of Record to represent the defendant. The defendant was sentenced to 20 years at hard labor in the State Penitentiary.
On September 23, 1964, the defendant filed a motion to vacate and set aside judgment and sentence, which motion was denied by the trial court.
On February 21, 1966, the defendant filed his second motion to vacate and set aside judgment and sentence. The defendant was represented by the office of the Public Defender of the Thirteenth Judicial Circuit.
On July 22, 1966, the trial court entered an order denying defendant’s second motion to vacate, which was affirmed by this court.
On June 18, 1967, the defendant filed another motion to vacate and set aside judgment and sentence. The Public Defender represented the defendant at the hearing.
On June 26, 1967, the trial court entered an order denying defendant’s motion to vacate and set aside judgment and sentence.
On July 10, 1967, the defendant filed his notice of appeal which is now the appeal under review by this court.
An examination of the third motion that was filed by the defendant, and the subject of this appeal, reveals appellant’s only complaint is that the court appointed counsel did not appeal his conviction. He alleges he requested counsel to file a notice of appeal but was advised by counsel that the court did not provide funds with which to enter an appeal, and that while he felt that the case merited an appeal, he would need money to do so.
The appellant argues that he should have been afforded a hearing by the trial court on this allegation.
There was no indication in the motion filed of any error in the proceedings below, nor was it shown that movant was not able financially to prosecute his own appeal.
In Murray v. State, Fla.App.1966, 191 So.2d 292, 293, the Third District Court of Appeal, in a very similar situation, said:
“We reject the contention that one who has been frustrated in taking an appeal is entitled to a new trial without any consideration being given to whether or not there was an error in his trial. We also reject the contention that one who has been frustrated in taking an appeal from his conviction is entitled to an appeal as a consequence of a Rule I peti *269 tion which does not allege any error or irregularity in the trial.”
Finding no error, we affirm the lower court.
Affirmed.
ALLEN, Acting C. J., and PIERCE and HOBSON, JJ.