HENDRY, Judge
(dissenting).
Defendant alleged, inter alia, that he was represented by ineffective or otherwise inadequate counsel and that counsel and the court failed to advise him that he had a right to appeal. He further alleged that he was insolvent at the time and unable to retain counsel to appeal from the judgment and life sentence imposed upon him.
Defendant’s motion was heard by one of the judges (not the trial judge) of the Criminal Court of Record for Dade County and was summarily denied. The court held that defendant was represented by counsel of his own choice at the time of the trial and further held that the other allegations contained in the motion did not constitute legal grounds for granting a new trial.
The record before us shows that on the fifth day after the robbery occurred, the defendant was informed against, arraigned, tried, convicted and sentenced to life imprisonment. The court had overruled counsel’s motion for continuance prior to trial.
From my consideration of appellant’s handwritten motion and the record before us, I am of the view that the trial court erred in denying appellant an evidentiary hearing on his motion. State v. Weeks, Fla.1964, 166 So.2d 892; Miller v. State, Fla.App.1967, 193 So.2d 647; Murray v. State, *67 Fla.App.1966, 191 So.2d 292; Cannon v. State, Fla.App.1966, 181 So.2d 584; Hinton v. State, Fla.App.1965, 177 So.2d 522; Brooks v. State, Fla.App.1965, 176 So.2d 116; Henderson v. State, Fla.App.1965, 174 So.2d 73; Jackson v. State, Fla.App.1964, 166 So.2d 194.
I would reverse and remand for an evi-dentiary hearing.