216 So.2d 261 (1968)
Harold George BLATCH, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-388.
District Court of Appeal of Florida. Third District.
December 3, 1968.
*262 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart and Michael H. Oritt, Asst. Public Defenders, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
In 1949, the appellant was indicted for the crime of murder in the first degree. He employed private counsel, pleaded not guilty and not guilty by reason of insanity. The court proceeded to a jury trial, which found the appellant guilty with a recommendation of mercy, and he was sentenced to life imprisonment. No appeal was taken. Pursuant to the provisions of Criminal Procedure Rule No. 1,[1] the appellant subsequently filed a petition *263 seeking relief, alleging he was insolvent and had been frustrated in taking his appeal. A subsequent trial judge [the trial judge at the original trial having passed away] held a hearing with the appellant present and determined he was insolvent at the time an appeal could have been taken from the original adjudication of guilt and sentence. He appointed a public defender to represent the appellant, and treated the petition, as amended, as a delayed motion for new trial pursuant to Jackson v. State, Fla.App. 1964, 166 So.2d 194; Murray v. State, Fla.App. 1966, 191 So.2d 292, and denied a new trial. This appeal ensued.
Three points are presented for review: (1) The sufficiency of the evidence; (2) The propriety of the instruction, in view of the plea of insanity; (3) The propriety of the introduction into evidence of the statements made by the appellant at the time he was apprehended and shortly thereafter to police officers.
The testimony on the issue of insanity was in conflict. Two court-appointed physicians testified in support of the appellant's contention that he was insane at the time of the commission of the act. There were a number of lay witnesses who testified that the appellant acted other than in a normal manner. The State produced two eyewitnesses, who testified that at the time of the commission of the act the appellant appeared normal. Four law enforcement officers also testified to the fact that the appellant was normal and coherent immediately following the commission of the crime and at the time he gave his confession. Obviously, the jury was presented with conflicting evidence on the issue of the insanity of the accused.
Turning to point one, as to the sufficiency of the evidence to support the verdict, we find no merit in this contention from the record. The question is not whether the evidence is conflicting or where the "weight" of it lies, but whether the record contains sufficient competent evidence to support the verdict of sanity. Crum v. State, Fla.App. 1965, 172 So.2d 24; Sallavirta v. State, Fla.App. 1968, 210 So.2d 487.
This appellate court is faced, certainly not for the first time, with the pivotal question of sanity where both sides present evidence in their favor. Of necessity, the evidence conflicts. However, it is not the province of the parties to this appeal nor of this court to "weigh such testimony on a scale", but simply to determine if evidence is present to support the verdict. The appellant concedes the existence of such evidence, but complains it does not "weigh" as much as the evidence he presented. The following recent cases indicate the evidence here is sufficient. Norman v. State, Fla.App. 1963, 156 So.2d 186 [eyewitnesses vs. two defense psychiatrists]; Byrd v. State, Fla.App. 1965, 178 So.2d 886 [one eyewitness vs. two court-appointed psychiatrists]; Brady v. State, Fla.App. 1966, 190 So.2d 607 [two eyewitnesses vs. court-appointed psychiatrist].
As to point two, the erroneous instruction on insanity, appellant here contends that the trial judge committed fundamental error in his jury instruction on insanity. The State replies that when the charge is taken as a whole no fundamental error is demonstrated. Because sanity is the normal condition of man, a presumption exists that he is sane when he is charged with a crime. The burden then devolves upon one charged with a crime to establish his plea of insanity by presenting a reasonable doubt of his sanity at the time of the commission of the act. Once there is testimony sufficient to present a reasonable doubt as to sanity, the presumption vanishes and the defendant is entitled to an acquittal if the State does not overcome the reasonable doubt. Sallavirta v. State, supra.
It is important to note that the appellant's attorney did not either object to the charge in question or submit a written requested instruction, as required by § 918.10, Fla. Stat., F.S.A. In Foreman v. *264 State, Fla. 1950, 47 So.2d 308, the Supreme Court of Florida held that, "to have secured such a charge or have saved the point, he should have prepared the charge in writing and submitted it to the judge." Accord, Brady v. State, supra; Simpson v. State, Fla.App. 1968, 211 So.2d 862. Furthermore, jury instructions are taken as a whole in determining if reversible error exists. 32 Fla.Jur., Trial, 483 and cases therein.
The appellant claims error in that the instruction thrice stated that a defendant is presumed sane and that he had the burden of proving insanity. Any fair reading of the instruction as a whole discloses that the fundamental point was clearly brought home to the jury, to wit: Unless they were satisfied beyond a reasonable doubt that the defendant was sane, they were bound to return a verdict of not guilty by reason of insanity. Three times in the instruction, the judge clearly told the jury that if they had a reasonable doubt as to the appellant's sanity they must acquit him, and he further stated, "it then devolves upon the prosecution to prove beyond a reasonable doubt, every element of the crime, including the sanity of the person". (emphasis added) While not a "model" instruction, it is patently obvious that the jury clearly knew of their duty to acquit appellant if they had a reasonable doubt as to his sanity. The jury was instructed to consider the whole of the evidence; hence, the entire instruction clearly does not constitute fundamental error. Simpson v. State, supra.
As to point three, the appellant for the first time on this appeal claims fundamental error in the admission of a confession, which he asserts is involuntary. The State maintains that the failure to object to the admission of the confession forecloses the issue and that on the merits, assuming it to be involuntary, its admission was harmless error.
This court has specifically held that the failure of an appellant to raise the issue of voluntariness in the trial court forecloses the matter. Morgan v. State, Fla. App. 1965, 177 So.2d 60; Accord, Hearn v. State, Fla. 1951, 54 So.2d 651. Furthermore, the admission of the confession could only be harmless error as overwhelming, independent testimony established that appellant did kill the victim. This is conceded by the appellant, when he states: "To the charge against him, the defendant relied upon the defense of insanity. There was no question but that the defendant did, in fact, kill Edgar Turner, and the testimony of three eyewitnesses to the killing was entirely uncontroverted as to this issue." (emphasis added) The issue of the voluntariness of the confession has been waived and, further, its admission could not have been harmful. Coggins v. State, Fla.App. 1958, 101 So.2d 400; Boyd v. State, Fla. App. 1964, 162 So.2d 271; Simpson v. State, supra; § 924.33, Fla. Stat., F.S.A.
Therefore, for the reasons stated above, the judgment and sentence here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] Presently Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A.