JOHNSON, Judge.
This is an appeal from an order denying the appellant’s motion to vacate sentence and set aside judgment, arising from Volu-sia County.
The appellant, who is the defendant below, was indicted and tried and convicted of rape along with the codefendant. The codefendant had privately employed counsel and prior to arraignment the appellant requested the court to appoint as his counsel the same lawyer representing the codefendant as private counsel. This was done and said defendant was so represented throughout the trial.
One of the major contentions of the appellant in his motion to vacate is that his constitutional rights were violated because the court appointed the same counsel to represent him that was representing the codefendant. This contention is without merit in view of the decision of this court in Rogers v. State, 212 So.2d 367 (Fla.App.1st, 1968) and Belton v. State, 211 So.2d 238 (Fla.App.3d, 1968) and the trial court committed no error in denying the motion on these grounds. However, the further contention of the appellant in said motion that he requested his court-appointed counsel to institute an appeal from his conviction and that the same was refused, contains sufficient merit to warrant an evidentiary hearing on this point alone.[1]
Inasmuch as the trial judge’s rulings on the contentions raised in said motion of the appellant are affirmed, with the exception of his contention that his court-appointed counsel refused to appeal his case, we are compelled to reverse for a hearing on this one contention.
Reversed and remanded for further proceedings not inconsistent herewith on authority of Coward v. State, 202 So.2d 778 (Fla.App.2d, 1967).
WIGGINTON, C. J., and SPECTOR, J., concur.

. Hinton v. State, 177 So.2d 522 (Fla.App.2d 1965); Jackson v. State, 166 So.2d 194 (Fla.App.3d, 1964).