Nelson Eddie McGRIFF, Plaintiff-
Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida,
Defendant-Appellee.

No. 28839
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 3, 1970.

* ▆ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of ▆ New York, et al., 5th Cir., 1970, 431 F. 2d 409, Part I.

**898**

Nelson Eddie McGriff, pro se.

Earl Faircloth, Atty. Gen. of Fla., Harold Mendelow, Ronald W. Sabo, Asst. Attys. Gen., Miami, Fla., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

This is an appeal from an order of the United States District Court denying the petition of Nelson Eddie McGriff for the writ of habeas corpus. He contends that he was denied his right to a direct appeal both from a judgment of a conviction of robbery, and from the judgment denying relief in a state post-conviction proceeding. He is a prisoner of the State of Florida and is presently serving a life sentence. We find no merit in the appellant's contentions and affirm.

Upon his trial for robbery the appellant was represented by privately retained counsel and no appeal was taken from the final judgment of conviction. At the time the state court was not aware of appellant's claims of indigency or of his desire to appeal, and neither the court nor his privately retained counsel fully explained to him his constitutional right to appeal as an indigent. After his conviction in the state court and after the expiration of the time for appeal, the petitioner filed a motion to vacate the judgment and the sentence pursuant to Rule 1.850 of the Florida Rules of Criminal Procedure, 33 F.S.A. on the alleged ground, among others, that he had been denied his right to appeal. He declined the services of a court-appointed public defender and again obtained the services of privately retained counsel. After a full evidentiary hearing the state court concluded that the appellant's right to appeal had been "thwarted" and treated the motion as one for a new trial

which was then denied after full consideration of the merits. Once again no appeal was taken within the prescribed sixty day period. A petition for habeas corpus was denied in the Florida District Court of Appeal; having exhausted his state remedies the appellant then filed his petition in the federal district court, which denied relief and this appeal ensued.

The United States District Court appointed counsel for appellant and held an evidentiary hearing. His chief contention was that he was denied the right to appeal from the Florida post-conviction proceeding because he was not informed of this right by the state court and because his attorney refused to prosecute the appeal. The United States District Court found that appellant was represented by privately retained counsel at his state post-conviction proceeding; that such counsel did not promise to perfect an appeal, but on the contrary, stated that no appeal would be taken unless additional payment was made for services on appeal; and that his privately retained counsel further advised appellant of his right to free counsel if he was an indigent. The court also found that appellant had no further communication with his privately retained counsel; and that his only communication with any responsible state official was in the form of a question to the state court clerk as to whether or not an appeal had been taken. The state court clerk promptly advised the petitioner that no appeal had been filed and at that time there remained over thirty days in which an appeal could have been perfected. These findings are supported by the record. Fed.R. Civ.P. 52(a).

■ We now consider the appellant's contentions. It is established law in this circuit that:

> * * * For a petitioner to be entitled to post-conviction relief, it is not enough to show that the indigency occasioned the petitioner's inability to employ counsel or to appeal; the petitioner must show that the State deprived him of his Fourteenth Amend-

ment rights. State action is shown when a responsible official in the State's system of justice rejects a request for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant *when he has knowledge of the defendant's indigency and desire for appellate counsel.* When an accused person retains counsel on the original trial, the State may rely on the presumption that the accused's lawyer will protect his clients right on appeal.[1]

However, in United States ex rel, Smith v. McMann,[2] the Second Circuit sitting en banc overruled United States ex rel. Bjornsen v. LaVallee,[3] to impose an absolute duty on the court to give instruction concerning his rights on appeal to a convicted defendant who (1) is indigent and (2) does not know of his rights.

■ It is apparent from the testimony below that neither appellant nor his attorney informed the court of appellant's indigency or desire to appeal. Moreover, it is evident that appellant was or should have been aware of his rights. The testimony shows that appellant was informed of the procedure for appeal by his attorney after denial of his motion to vacate. In addition, appellant had previously had a Public Defender; therefore, he could not have been unaware of his right to representation at public expense.

Thus, even if the Second Circuit's rule in *McMann,* supra, were applied, appellant is not entitled to relief.

■■ Appellant's claim that he was misled by his counsel is likewise without merit. First, misfeasance by privately retained counsel is not state action and therefore does not constitute a deprivation of due process or equal protection.[4] Secondly, it is clear from the transcript that appellant had full notice that his attorney was no longer serving him. Appellant's attorney made it clear after the hearing that he would not prosecute an appeal without additional payment. Moreover, as indicated earlier, more than a month before his time for appeal had expired, appellant was informed through communication with the state court clerk that no appeal had in fact been filed.

■ It remains for us to consider appellant's final contentions: that he was not given a direct appeal from his judgment of conviction and that the Florida trial court failed to apprise him of his right to appeal. The merits of his proposed appeal were fully considered in the state post-conviction proceeding. Had he brought a timely appeal from that proceeding, he would have received appellate review coextensive with that which he would have obtained on a timely, direct appeal—a "delayed direct ap-

---

1. Pate v. Holman, 341 F.2d 764, 775 (5th Cir. 1965) (Emphasis added). Accord: Langford v. Alabama, 422 F.2d 760 (5th Cir. 1970) (motion for rehearing en banc denied); Worts v. Dutton, 395 F.2d 341 (5th Cir. 1968); Harris v. Beto, 392 F.2d 191 (5th Cir. 1965) (per curiam).

2. 417 F.2d 648 (2d Cir. 1969).

3. 364 F.2d 489 (2d Cir. 1966).

4. Worts v. Dutton, supra; Harris v. Beto, supra; Wainwright v. Simpson, 360 F.2d 307 (5th Cir. 1966).
   In Harris v. Beto we stated:
   At his trial and on motion for new trial he was represented by retained counsel, who did not represent him on appeal because his fee for an appeal was not paid. The findings of fact made at the evidentiary hearing, which we do not find plainly erroneous, require the conclusion that it was not made manifest to the trial judge that appellant did not have counsel for appeal, or that appellant had become indigent during the trial, or that he desired counsel for appeal. The right to counsel does not depend upon a request, Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), but where the defendant is represented at trial by retained counsel it must be made known to the court that he is indigent and no longer has counsel before the duty arises to appoint counsel for appeal. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Pate v. Holman, 341 F.2d 764 (5th Cir. 1965).

peal."[5] Additionally, it is not appropriate to consider appellant's alleged denial of appeal after his robbery trial unless it can be concluded that he was thwarted in his right to appeal from the Florida post-conviction proceeding—a conclusion which we have decided is not justified. Thus, we find no merit in these contentions.

It is apparent from the above that appellant was afforded ample opportunity to appeal by the State of Florida. His failure to secure effective review is due not to ignorance, misrepresentation of counsel, or state action, but is attributable solely to his own inaction. Accordingly, the order of the district court is affirmed.

Winter, Circuit Judge, dissented and filed opinion.

5. *See* Wainwright v. Simpson, 360 F.2d 307 (5th Cir. 1966); Miller v. State, 193 So.2d 647 (Fla.App.1967); Blatch v. State, 216 So.2d 261 (Fla.App.1968); cert. dismissed (Fla.) 225 So.2d 532.