486 So.2d 14 (1986)
Ignacio VERGARA, Fausto Vergara, and Henry Elozua, Appellants,
v.
The STATE of Florida, Appellee.
No. 85-77.
District Court of Appeal of Florida, Third District.
March 11, 1986.
Rehearing Denied April 29, 1986.
Joel Kaplan, Miami, for appellants.
Jim Smith, Atty. Gen., and Nancy C. Wear, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
PER CURIAM.
The final judgments of conviction and sentences under review are affirmed based on the following, briefly stated legal analysis. First, no reversible error is shown in allowing the prosecutor to comment in closing argument to the jury on the absence of evidence concerning a "911 call"; the error, if any, was harmless beyond a reasonable doubt in view of the overwhelming evidence of guilt presented at trial in this cause. See United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); accord State v. Murray, 443 So.2d 955 (Fla. 1984); Hall v. State, 444 So.2d 1019 (Fla. 3d DCA 1984); Carr v. State, 430 So.2d 978 (Fla. 3d DCA), dismissed, 436 So.2d 97 (Fla. 1983).
Second, no reversible error is shown in the admission of certain post-arrest statements to the police by the defendant *15 Henry Elozua based on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), because no Bruton objections were ever raised below and thus the alleged error has not been preserved for appellate review. See Ferguson v. State, 417 So.2d 639, 641 (Fla. 1982); Castor v. State, 365 So.2d 701, 703 (Fla. 1978); Clark v. State, 363 So.2d 331, 333-35 (Fla. 1978); Winters v. State, 425 So.2d 203, 204 (Fla. 5th DCA 1983).
Third, the ineffective assistance of counsel claim based on one lawyer representing all three defendants in this case must be rejected on this record because the defendants individually waived their right to be represented by separate counsel after the trial court conducted a pre-trial inquiry on this subject. The record fails to demonstrate, as urged, that this waiver was not a competent or intelligent waiver of the right to separate counsel  although we do not pretermit the defendants from more fully developing this issue on a motion to vacate judgment and sentence under Fla.R. Crim.P. 3.850. See State v. Barber, 301 So.2d 7, 9 (Fla. 1974).
Fourth, no reversible error is presented in refusing to give a certain defense-requested instruction as no evidence was presented below to support such an instruction. See Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983); Jackson v. State, 251 So.2d 702 (Fla. 2d DCA 1971); Hamilton v. State, 152 So.2d 793 (Fla. 2d DCA), cert. denied, 156 So.2d 388 (Fla. 1963).
Finally, no reversible error is presented in the trial court's departure from the sentencing guidelines inasmuch as the reasons stated for said departure fully justified the departure based on this record. See Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985); see generally Smith v. State, 454 So.2d 90, 91 (Fla. 2d DCA 1984).
Affirmed.