PER CURIAM.
M.H. appeals his adjudication of delinquency on the ground that the juvenile *1390 court erroneously admitted a statement he gave to the arresting officer. We affirm.
Appellant correctly contends that the Miranda warning given below was fatally deficient for failure to advise him that an attorney would be appointed if he could not afford one. Caso v. State, 524 So.2d 422, 423 (Fla.), cert. denied, — U.S. -, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988). As no timely objection was made below, the point is not preserved for our review. Thomas v. State, 249 So.2d 510, 512 (Fla. 3d DCA 1971). For the same reason the contention that the juvenile’s statement was involuntary was not preserved. Blatch v. State, 216 So.2d 261, 264 (Fla. 3d DCA 1968), cert, dismissed, 225 So.2d 532 (Fla.1969).[1] Finally, having reviewed the record we are satisfied that admission of the statement, even if it had been erroneous, would at best be harmless error. See Crane v. Kentucky, 476 U.S. 683, 691, 106 S.Ct. 2142, 2147, 90 L.Ed.2d 636, 646 (1986); Caso v. State, 524 So.2d at 425, 426; Blatch v. State, 216 So.2d at 264.
The adjudication of delinquency is affirmed.

. As to the latter point, the juvenile testified at trial, as did the arresting officers. Even where a confession has been found to be voluntary, "evidence about the manner in which a confession was secured will often be germane to its probative weight, a matter that is exclusively for the [trier of fact] to assess." Crane v. Kentucky, 476 U.S. 683, 688, 106 S.Ct. 2142, 2145, 90 L.Ed.2d 636, 644 (1986).