PER CURIAM.
This is an appeal by the defendant William Cruz from a final judgment of conviction and sentence for burglary of an automobile which was entered below upon an *587 adverse jury verdict. The defendant raises as his central point on appeal that the trial court committed reversible error in failing to instruct the jury on the defense of abandonment; the defendant acknowledges that he made no request for such an instruction at trial, but contends, nonetheless, that the error here was fundamental because the defense went to the heart of the case, namely, the lack of criminal intent. We disagree and affirm.
Assuming without deciding that abandonment is a legally cognizable defense to burglary of an automobile, cf. § 705.102, Fla.Stat. (1987), there is utterly no evidence in this record upon which the 'defendant could rely to show that he reasonably believed that the stolen automobile herein [which the defendant was dismantling when caught by the police] was an abandoned automobile. Plainly, no miscarriage of justice, and thus no fundamental error, is presented on this record by the trial court’s failure to instruct the jury on the “defense” of abandonment. See Ray v. State, 403 So.2d 956, 960-61 (Fla.1981); Castor v. State, 365 So.2d 701, 703 (Fla.1978); Baker v. State, 241 So.2d 683, 687 (Fla.1970); Vergara v. State, 486 So.2d 14, 15 (Fla. 3d DCA 1986); Williams v. State, 400 So.2d 542, 544 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983).
The state concedes, however, and we agree that it was a fundamental error for the trial court to impose $225 in court costs because the defendant was afforded no pri- or notice or an opportunity to be heard with respect to the assessment of such costs; indeed, this issue was not even discussed at the sentencing hearing below. This being so, the assessment of such costs cannot stand. Wood v. State, 544 So.2d 1004 (Fla.1989); Mays v. State, 519 So.2d 618 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984).
The final judgment of conviction and sentence under review is affirmed, save for the $225 assessment of costs which is hereby reversed; ,the state, upon remand, may seek a proper assessment of costs upon giving the defendant proper due process notice.
Affirmed in part; reversed in part.