ON MOTION FOR CLARIFICATION
GARRETT, Judge.
We grant appellant’s motion for clarification and substitute this opinion for our opinion filed on May 16, 1990.
Appellant seeks review of his drug related convictions and sentences.
A confidential informant (Cl), wearing a body transmitter, went to a warehouse area and bought cocaine from appellant. The police tape-recorded the sale. About two weeks later, under the same circumstances, the Cl returned and asked appellant for more cocaine. Appellant told his female companion to show the Cl “what he had.” Once inside a warehouse bay, she removed a Tylenol bottle from her bra. When the Cl saw several cocaine rocks inside the bottle, he gave a prearranged signal to the police. The officers closed in, executed a search warrant and found drug paraphernalia inside the bay.
We hold that there was sufficient evidence to prove that on both occasions appellant had dominion and control over the controlled substances, which he knew were cocaine. Brown v. State, 428 So.2d 250 (Fla.1983). But, we hold that there was insufficient evidence to prove that on the day of the search appellant had dominion and control over or knowledge of the drug paraphernalia. Several people had access to the bay where the razor blades and mirrors (to cut and prepare cocaine), rubbing alcohol (to ingest cocaine), pipes (to smoke cocaine), and other paraphernalia were found. No direct evidence linked any of the paraphernalia to appellant.
Also, we find no merit as to the remaining issues. The “principal” instruction [1] was proper under the facts of the case. The trial judge instructed the jury as to what is actual and constructive possession [2] which cleared up any confusion as to *209 the evidence necessary to convict appellant of delivery or possession of cocaine. See O’Neal v. Tribune Co., 176 So.2d 535, 538 (Fla.1965); See Brown v. Fawcett Publications, Inc., 196 So.2d 465 (Fla. 2d DCA 1967).
Appellant objected when a state witness testified that the “[Cl’s] been truthful.” However, appellant did not object when another state witness testified that the Cl’s reliability was “[ejxcellent.” We find harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Accordingly, we affirm appellant’s convictions and sentences for possession of cocaine, but reverse his conviction and sentence for possession of drug paraphernalia and remand with directions to discharge appellant for the crime of possession of drug paraphernalia.[3]
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
DELL and WARNER, JJ., concur.

. Fla. Std. Jury Instr. (Crim.) 3.01.

. Fla. Std. Jury Instr. (Crim.) Instructions on Substantive Crimes 3/89, Drug Abuse — Sale, Purchase, Manufacture, Delivery, or Possession *209 with Intent F.S. 893.13(l)(a), p. 219, 220 and Drug Abuse — Possession F.S. 893.13(l)(f), p. 227.

. Appellant concedes that resentencing is not required as neither the addition or omission of the points for the possession of drug paraphernalia conviction affects the guidelines sentences for the possession of cocaine convictions.