564 So.2d 1211 (1990)
Johnny Dewitt HARRIS and Anthony Earl Harris, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 88-1832, 88-1831.
District Court of Appeal of Florida, Third District.
July 31, 1990.
*1212 Bennett H. Brummer, Public Defender, and Louis Campbell, Sp. Asst. Public Defender, for appellants.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before BASKIN, JORGENSON and GODERICH, JJ.
BASKIN, Judge.
Johnny Dewitt Harris and Anthony Earl Harris appeal their convictions and sentences for third degree murder with a firearm and for the armed robbery. We affirm.
Defendants assert that the trial court committed error in allowing the state to play for the jury a tape-recorded interview in which Anthony Harris invoked his right to remain silent. We reject this argument. Error committed in permitting the jury to hear this type of evidence is not fundamental, Noble v. State, 543 So.2d 402 (Fla. 4th DCA 1989); a defendant must object and move for a mistrial to preserve the error for appeal. Simpson v. State, 418 So.2d 984 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983); Clark v. State, 363 So.2d 331 (Fla. 1978). Furthermore, the right to remain silent encompassed within the fifth amendment privilege against self-incrimination is personal to the defendant, United States v. Handley, 763 F.2d 1401 (11th Cir.1985); objection by a codefendant does not preserve the issue for appellate review. Finding that only Johnny Harris objected to the introduction of Anthony Harris's taped interview, we hold the issue was not properly preserved for appeal.
Next, defendants allege that the trial court erred in admitting the statement Anthony Harris made to police four hours after receiving his Miranda warnings. By failing to object to the introduction of the statement, Anthony Harris waived the right to present the issue on appeal. Handley; Simpson.
Defendants also argue that the trial court erred in permitting the interviewing officer to testify that Anthony Harris terminated the interview and in allowing the prosecutor to refer to Anthony Harris's termination of the interview in his closing argument. This argument fails because the information in the officer's testimony had already been presented without objection. In addition, Anthony Harris failed to object to the closing argument. M.H. v. State, 538 So.2d 1389 (Fla. 3d DCA 1989); Thomas v. State, 249 So.2d 510 (Fla. 3d DCA 1971); see also Vergara v. State, 486 So.2d 14 (Fla. 3d DCA 1986). Thus, any error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Finally, Anthony Harris failed to object to any of the other errors he contends the trial court committed. Vergara. We therefore affirm the convictions and sentences.
Affirmed.