578 So.2d 811 (1991)
Jon Hall WYATT, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1040.
District Court of Appeal of Florida, Third District.
April 23, 1991.
*812 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before FERGUSON, LEVY and GODERICH, JJ.
PER CURIAM.
The defendant, Jon Hall Wyatt, appeals from a final judgment of conviction and sentence for sexual battery and lewd assault. We affirm.
The defendant was charged by information with four counts of sexual battery upon an eight year old child [hereinafter referred to as either K.S. or child] and one count of lewd and lascivious assault upon a child. Prior to trial, the court excluded the testimony of an expert witness, Dr. Syvil Marquit, a clinical psychologist, whom the defense intended to call at trial to testify that the defendant does not fit the profile of a pedophile. During trial, each witness testified that K.S. had complained that the defendant had molested him. However, there were differences among the stories that K.S. related to these witnesses. Dr. Jerome Poliacoff, a psychologist, testified that K.S. fits the profile of a child who has *813 been sexually abused, that his behavior during the incident was consistent with the child abuse accommodation syndrome, and that K.S. suffers from post-traumatic stress syndrome. The trial court dismissed one count of sexual battery at the close of the evidence and the jury found the defendant guilty of the remaining charges. The trial court sentenced the defendant to three consecutive life sentences with minimum, mandatory twenty-five year terms for the sexual battery convictions and a concurrent five year term for the lewd assault conviction. The defendant appeals.
The defendant raises two points on appeal. First, that the trial court erred in disallowing expert testimony that the defendant does not fit the profile of a pedophile where such testimony was relevant to the evidence presented at the trial and essential to refute the state's expert testimony that K.S. was suffering from several syndromes and, therefore, fit the profile of a child who had been sexually abused. We disagree.
A trial court has broad discretion in determining the range of subjects on which an expert witness may be allowed to testify and unless there is a clear showing of error, its decision will not be disturbed on appeal. Johnson v. State, 393 So.2d 1069, 1072 (Fla. 1980), cert. denied, 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981). A trial court also has wide discretion concerning the admissibility of evidence, and unless there is a clear showing of abuse of discretion, its ruling regarding admissibility will not be disturbed on appeal. Jent v. State, 408 So.2d 1024, 1029 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982), modified sub nom. Preston v. State, 444 So.2d 939 (Fla. 1984). In the instant case, we find no abuse of discretion in regards to precluding Dr. Marquit from testifying that the defendant does not fit the profile of a pedophile.
Additionally, section 90.405, Florida Statutes (1987), specifically limits the introduction of character evidence to reputation or specific instances of conduct. Wrobel v. State, 410 So.2d 950 (Fla. 5th DCA), rev. denied, 419 So.2d 1201 (Fla. 1982). This statute does not permit evidence of character to be made by opinion. See Alvarado v. State, 521 So.2d 180 (Fla. 3d DCA 1988). In the instant case, the defendant sought to introduce evidence of his character through the expert opinion of a psychologist, which is not permitted by the statute. Cf. State v. Sinnott, 24 N.J. 408, 132 A.2d 298 (1957) (court determined that based on evidence code in existence at that time evidence of good character must be made by proof of a good reputation; not by opinion evidence);[1]Williams v. State, 649 S.W.2d 693 (Tex. Ct. App. 1983) (defendant not permitted to introduce testimony of psychologist that defendant did not possess character disorders usually found in child molesters because character evidence could not be introduced in form of an opinion). For the foregoing reasons, we find that the trial court properly precluded the defendant from introducing Dr. Marquit's testimony.
Next, the defendant contends that the trial court erred in denying the defendant's motions for mistrial where during cross-examination the state dwelled upon the defendant's failure to come forward prior to trial with his exculpatory testimony and where the state commented on the defendant's purported silence during closing argument.
The defendant complains that certain questions posed to him by the state constituted an impermissible comment upon his right to remain silent. "An improper comment on defendant's exercise of his right to remain silent is constitutional error, but it is not fundamental error." Clark v. State, 363 So.2d 331, 333 (Fla. 1978), overruled in part on other grounds, State v. DiGuilio, 491 So.2d 1129 *814 (Fla. 1986);[2]cf. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, reh'g denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967); Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Therefore, in order to preserve for appellate review an improper comment on the defendant's right to remain silent, there must be an objection and a motion for mistrial based upon the alleged error. Simpson v. State, 418 So.2d 984 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983); Clark, 363 So.2d at 331; Harris v. State, 564 So.2d 1211 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 287 (Fla. 1990). Furthermore, any objection must be timely made during the time that the evidence is offered. Owens v. State, 349 So.2d 197 (Fla. 1st DCA) (defendant failed to raise timely objection where he moved to strike testimony and for mistrial after state had rested), cert. dismissed, 353 So.2d 677 (Fla. 1977).
In the instant case, the defendant did not make a timely objection to the allegedly improper questions. Following the alleged improper line of questioning, the state presented two rebuttal witnesses, the defense rested its case and moved for judgment of acquittal, and the case was adjourned for the day. The following morning, the defendant moved for a mistrial based upon the alleged improper line of questioning which had taken place the day before. Accordingly, this issue was not properly preserved for appeal.
The defendant also maintains that he is entitled to a new trial based upon the comments made by the state during closing argument which referred to the defendant's silence. While the defendant made a timely objection to the comments made by the state, the evidence contained in the comments, that the defendant had not previously told others the story he was presenting in court, was already before the jury. The same testimony was elicited previously during cross-examination without a timely objection. See Huff v. State, 495 So.2d 145 (Fla. 1986); Thomas v. State, 563 So.2d 207 (Fla. 4th DCA 1990). Thus, any error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Affirmed.
NOTES
[1] In 1967 the State of New Jersey adopted Rule 47 thereby allowing a trait of character to be proved by opinion as well as reputation evidence. Despite this change, evidence of the type excluded in Sinnott has been held inadmissible on other grounds. State v. Cavallo, 88 N.J. 508, 443 A.2d 1020 (1982).
[2] State v. DiGuilio, 491 So.2d 1129, 1137 (Fla. 1986) held that comments on the defendant's post-arrest silence are subject to the harmless error analysis and thereby overturned the part of Clark v. State, 363 So.2d 331 (Fla. 1978) that held that any comment by the state on the defendant's exercise of his right to remain silent was per se reversible error.