SCHWARTZ, Chief Judge.
The sole claim of trial error on this appeal from a conviction for attempted first degree murder stems from the prosecutor’s comment in final argument concerning the defendant’s failure to take the stand. The record shows, however, that the remark was in fair rebuttal to the defense argument. See Brown v. State, 367 So.2d 616 (Fla.1979). Moreover, the only relief sought below was granted by the trial judge by sustaining an objection to the comment and, as requested, explicitly instructing the jury to disregard it. In the absence of a motion for mistrial or fundamental error, which we do not find, reversal is not justified on this ground. Simpson v. State, 418 So.2d 984 (Fla.1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983); Wyatt v. State, 578 So.2d 811 (Fla. 3d DCA), review denied, 587 So.2d 1331 (Fla.1991); Harris v. State, 564 So.2d 1211 (Fla. 3d DCA), review denied, 576 So.2d 287 (Fla.1990), cert. denied, 500 U.S. 924, 111 S.Ct. 2031, 114 L.Ed.2d 116 (1991).
The defendant also argues, and both the state and we agree, that because only one victim and one offense were involved, the *1205 defendant was improperly assessed 80, rather than 40 sentencing points for “severe” victim injury. Fla.R.Crim.P. 3.701(d)(7); see Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 8.701 and 3.988), 576 So.2d 1307 (Fla.1991).
Accordingly, the sentence imposed below is vacated and the case is remanded to resen-tence the defendant under a corrected score-sheet.
Affirmed in part, vacated in part, and remanded.