PER CURIAM.
Defendant Collos Anglo Coleman appeals his conviction for attempted second degree murder. We affirm.
Defendant was charged with attempted first degree murder of Joseph Taylor, attempted second degree murder of Mary Webster and shooting into a vehicle occupied by both Taylor and Webster. Those charges arose in connection with an incident in which defendant attempted to force Webster, who was his former girlfriend, into his van in a parking lot. In an effort to prevent him from doing so, Taylor aimed a gun at defendant who then released Webster. Taylor and Webster then attempted to leave the scene in Taylor’s car, but before they could get out of the parking space defendant fired a gun into the car, hitting Taylor in the chest and Webster in the wrist. These events were preceded by several incidents in which defendant accosted Webster and Taylor and some in which defendant made frequent calls to Webster’s office. Those incidents gave rise to charges of stalking of Webster.
At the jury trial on all charges, the state called two of Webster’s co-workers who both testified that defendant had told them he was upset by his break-up with Webster. Defense counsel attempted to ask the co-workers whether they had ever *514 known defendant to be a violent person, but the trial court sustained the state’s objection to the question.
Defendant claims that it was error to do so because his reputation for non-violence was relevant to the attempted murder charges.[1] The objection was properly sustained because the questions did not call for reputation testimony. Rather, the questions are more fairly construed as asking for opinion testimony or past personal experience of the witnesses. So viewed, we see no abuse of discretion in sustaining the objection.[2] Dupree v. State, 615 So.2d 713, 721 (Fla. 1st DCA 1993); Wyatt v. State, 578 So.2d 811, 813 (Fla. 3d DCA 1991).
Defendant also argues that the trial court erred in denying his motion for mistrial after Webster testified to a threatening statement allegedly made by defendant prior to the incidents in question where the specific statement had not previously been disclosed to defendant. After defendant objected to the statement, the trial court conducted an inquiry into the claimed discovery violation and, after concluding that there had been no wilful violation, gave a curative instruction.
Under the circumstances of this case there was no abuse of discretion in simply directing the jury to disregard the statement. Although this particular statement had not been disclosed to defendant, the state believed (incorrectly) that it had been covered during Webster’s deposition. The record is clear that there were other threats by defendant prior to the shooting, which the defense was well aware of. Further, read as a whole, Webster’s testimony makes clear that she did not take the contested statement, or any other statement made prior to the shooting, seriously and that she did not believe defendant meant the statement to be taken seriously. The denial of the motion for mistrial was within the court’s discretion.
Affirmed.

. Defendant testified that Taylor pointed his gun at him as Taylor drove the car, and that he fired at Taylor in self-defense. Defendant contended that he was normally a peaceable person and acted in fear for his life.
Webster and Taylor testified that Taylor was driving and did not have a gun in his hand at all, much less point it at defendant.

. The defendant's point was, however, made through other testimony of the same witnesses.