DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRAVIS L. JACKSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2157

[August 1, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 13-CF-010976-AMB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We affirm appellant's convictions and write to address one issue.

Appellant was jointly tried along with his co-defendant. At trial, the state sought to introduce a still photograph taken from the convenience store security video to show that appellant's mother had previously identified the co-defendant in the photograph, which had her initials written at the top. Following *Ibar v. State*, 938 So. 2d 451 (Fla. 2006), the trial court precluded the admission of the photograph. During trial, the *co-defendant* asked certain questions of a detective on cross-examination regarding prior identifications, which, as the trial court ruled, opened the door to the evidence previously held inadmissible.

On appeal, appellant challenges the admission of that testimony against him. He relies on *United States v. White*, 887 F.2d 267 (D.C. Cir. 1989), which holds that the opening-the-door doctrine does not apply to testimony elicited by co-defendants. *White* clearly states its holding:

> The prosecution may not gain, through the device of a joint trial, admission against one defendant of otherwise inadmissible evidence on the happenstance that the door to admitting the evidence has been opened by a co-defendant.

*Id.* at 270.

We do not reach the *White* issue because appellant failed to preserve it by raising the "specific ground" of the objection at trial. § 90.104(1), Fla. Stat. (2017); *Vergara v. State,* 486 So. 2d 14, 15 (Fla. 3d DCA 1986) (appellant's failure to specifically object at trial failed to preserve his objection based on *Bruton v. United States*, 391 U.S. 123 (1968)). Appellant's objection to "hearsay" at trial was insufficient to put the court on notice of the *White* issue he now raises on appeal.

*Affirmed.*

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***