# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-3531

———————————————

MICHAEL LLOYD WORRELL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

October 17, 2019

PER CURIAM.

Michael Worrell was convicted on seven counts of sexual battery against two young girls. Worrell filed a postconviction motion alleging six reasons that his trial counsel was ineffective, which the postconviction court summarily denied. On appeal, we affirm the summary denial, but write to address Worrell's claim that counsel was ineffective for failing to present the testimony of two doctors who would have supported his defense.

To prevail on an ineffectiveness claim, a defendant must show that counsel's performance was deficient and prejudicial; counsel's errors must have been so serious that the Sixth Amendment's guarantee of counsel was not satisfied and the defendant was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant asserts ineffectiveness due to counsel's failure to call, interview, or investigate witnesses, he must allege

the testimony that could have been elicited from the witness and how the failure to elicit this testimony caused prejudice. *See Nelson v. State*, 875 So. 2d 579, 583 (Fla. 2004). If this claim is legally sufficient, an evidentiary hearing is required unless it is conclusively refuted by the record. *See Franqui v. State*, 59 So. 3d 82, 95 (Fla. 2011).

Worrell claimed that counsel should have called Dr. Neidigh, who had conducted a psychosexual evaluation of Worrell and would have testified that he had no propensity to molest children. Worrell also claimed that counsel should have called Dr. Kirk, who would have testified that he had treated Worrell, unsuccessfully, for erectile dysfunction, thus rendering dubious the victims' allegations.

"Typically, it will be necessary to hold an evidentiary hearing to determine why trial counsel did not call a particular witness." *Terrell v. State*, 9 So. 3d 1284, 1288-89 (Fla. 4th DCA 2009). However, summary denial is appropriate when the record shows that the defendant knew of potential witnesses and told the trial court that he did not wish to call additional witnesses. *See McIndoo v. State*, 98 So. 3d 640, 641 (Fla. 4th DCA 2012) ("Because his sworn motion indicates that he was aware of the witness and that witness's testimony prior to trial, the colloquy to the court conclusively refutes his claim that his attorney failed to call a known witness against the appellant's wishes. He is bound by his answers to the court."). Similarly, in *Terrell*, the defendant told the trial court that he did not wish to call additional witnesses and had not asked counsel to call or locate any before making contrary claims in his postconviction motion. 9 So. 3d at 1287. The Fourth District found that the claims were properly denied summarily because "the defendant assured the court that there were no other witnesses he wanted to call in his defense" and is "bound by his sworn answers during the colloquy." *Id.* at 1289. At trial, the court asked Worrell if he wished to call any additional witnesses and Worrell named two—neither being Drs. Neidigh or Kirk—but stated that they were unfortunately unavailable. On appeal, he "admits that during trial . . . he had neglected to recollect that Drs. [Neidigh and Kirk] and others should have been called as additional witnesses for his defense." As defendants cannot go behind their colloquy statements, we cannot permit them to do so

2

by asserting that they simply forgot about potential witnesses during trial and now, in postconviction proceedings, remember them and their potential testimony.

Even had the record not conclusively refuted Worrell's claims, he would not be entitled to an evidentiary hearing. Dr. Neidigh's potential expert opinion testimony as to Worrell's propensities or characteristics is not admissible. Section 90.405, Florida Statutes, governs the admission of character evidence and "does not permit evidence of character to be made by opinion." *Wyatt v. State*, 578 So. 2d 811, 813 (Fla. 3d DCA 1991). In *Wyatt*, the defendant faced allegations similar to Worrell and intended to call a clinical psychologist "to testify that the defendant does not fit the profile of a pedophile," the trial court excluded the testimony, and the Third District held that "the defendant sought to introduce evidence of his character through the expert opinion of a psychologist, which is not permitted by the statute." *Id.* at 812-13. Our rules of evidence would not have permitted Dr. Neidigh to opine on whether he believes Worrell has the characteristics of a child molester. As to Dr. Kirk, who Worrell claims could have testified that he suffered from erectile dysfunction, the postconviction court found that any potential deficiency cannot be found to have prejudiced Worrell. Given that Worrell and his wife both testified as to this issue, the two victims did not know each other and gave extremely similar accounts of their experiences of Worrell bringing them to a hotel to have sex, and other evidence presented, such as a hotel owner's testimony that Worrell often rented a room in the most private area of the hotel, we agree with the postconviction court that there is not a reasonable probability that Dr. Kirk's testimony would have changed the outcome of the trial.

Worrell's claim that counsel was ineffective for failing to present two witnesses is conclusively refuted by the record, and we decline to permit defendants to go behind their representations to the trial court by asserting a lapse in memory. Even had Worrell's claims not been refuted by the record, summary denial was proper. Therefore, we affirm the denial of his postconviction motion.

AFFIRMED.

WOLF, OSTERHAUS, and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Michael Lloyd Worrell, pro se, Appellant.

Ashley Moody, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.